Dewey, J.
This was a prosecution in the name of the State, on the relation of the mother of an illegitimate child, against the putative father. Complaint was duly made before a justice of the peace of Warrick county. The justice issued, a warrant against the accused person, which was returned “ not found.” The justice proceeded, in the absence of the defendant, to take the examination of the complainant, which he reduced to writing and adjudged the defendant guilty. The proceedings were regularly certified to the Circuit Court of Warrick county. At the time of filing the justice’s transcript, the counsel for the State directed the clerk to issue a warrant against the accused person to the sheriff of Gibson county, returnable to the next term of the Court. This was done, and the writ returned “ not found.” *An alias issued to the same county, with a similar return; whereupon the Court, “ it appearing by the return of the writ that the said defend ant was not a resident of the State,” ordered publication of the pendency ofthesuitto be made in a newspaper, which order was complied with. The Court then rendered a judgment, that the defendant was the reputed father of the child, and that the plaintiff recover of the defendant the sum of $225 for the maintenance of the child; and that the defendant pay the money to -the clerk of the Court, to be by him paid to the overseers of the poor of the township where the mother re *411 sided, taking from them a bond with sufficient security, conditioned that they would faithfully pay the same to the person who should be charged with the care of .the child; and that the defendant give good security for the performance of the judgment to the acceptance of the clerk. The judgment was also for costs against the defendant.
There are several errors in these proceedings.
"When a justice of the peace may have heard and determined a case like the present, in the absence of the accused person, and has certified his proceedings to the Circuit Court, it is the duty of the clerk to issue a warrant against the defendant to the sheriff of the comity in which the Court is held, or to the sheriff of the county to which the defendant has fled, (or, as we construe the statute, where he may be found.) R. S., 1838, p. 331.
Had there been any evidence that the defendant resided in Gibson county, or had he been taken on the process directed thither, there would have been no necessity of issuing a war-rantto the sheriff of Warrick county,where the suit waspend-ing. But there was no such evidence The writ was directed to Gibson county upon the mere direction of the counsel for the State; and the defendant was not found there. Under these circumstances, it was necessary that a warrant should issue to the sheriff of Warrick county, and be returned “ not found,” or evidence of the non-residence of the defendant be given, to authorize a further prosecution of the cause.
But it is contended by the counsel for the plaintiff in error, that no order of publication could have been legally made, *uriless it had appeared to the Court, that the accused person had escaped from an actual arrest, or had absconded after the complaint was made. This certainly seems to be the letter of the ninth section of the statute referred to; but to give it a construction so strict would, in many cases, defeat the principal object of the act. That object is to guard the public against the expense arising from the pauperism of illegitimate children. If the putative father should happen tobe a non-resident of the State at the time *412 of committing the offense, or should become so before complaint made, by removal, or even by absconding on purpose to avoid liability, he could not, under the interpretation contended for, be made liable for the support of his child, though he might possess property within the State. We feel authorized to give the statute a more liberal construction ; and conceive that, according to its spirit, when process can not be served upon the defendant by reason of his non-residence. notice of the pendency of the suit may be given by publication in the manner pointed out by the statute. There must, however, be reasonable and satisfactory evidence given to the Circuit Court of the non-residence of the accused person, to justify an order of publication. In the present instance there was not such evidence. The return of a warrant by the sheriff of Gibson county of “ not found,” was no evidence that the defendant did not reside in this State. The Court, therefore, erred in ordering the publication.
It was also wrong to enter a judgment against the accused person without a verdict of his guilt by a jury. The statute requires that when the Circuit Court shall proceed in the absence of the defendant, there shall be such “ a hearing and determination of the case ” as is provided when the accused person has been recognized by the justice, appears in Court, and puts himself on trial. This is by a jury. Sections 6 and 10 of the act.
There is, too, a defect in the form of the judgment. A judgment rendered by the Circuit Court against the defendant, after a trial in his absence, should be for the recovery of a specific sum ; with directions that it shall, when collected, be paid for the maintenance of the child in such installments, and at such times, as the Court shall think proper. The *provisions of the statute, that an execution is to issue for the whole amount; that the sheriff pay the money, when collected, to the clerk; that the latter pay it to the overseers of the poor of the township in which the mother of the child may reside, taking from them a bond in the manner pointed out by the statute; are all directory *413 tc the clerk, the sheriff, and the overseers of the poor, and should not be included in the judgment.
J. Pitcher, for the plaintiff.
S. C. Stevens, for the State.
Per Curiam.—The judgment is reversed at the costs of the relator. Cause remanded, &c.