BREWER *v.* MURRAY.

An appeal lies to the Circuit Court from the final judgment of a justice of the peace, however informal the judgment may be.

If *A.*, the surety in a replevin-bond, be a material witness for the plaintiff in the action of replevin, the Court should permit another surety to be substituted by the plaintiff in *A.'s* place.

APPEAL from the *Porter* Circuit Court.

*Tuesday,
December 9.*

DEWEY, J. — *Brewer* commenced an action of replevin against *Murray* before a justice of the peace. The affidavit, filed by the plaintiff, stated his claim to a pair of oxen (describing them by their colour), and to a yoke, ring, and staple. The writ was issued accordingly. The justice rendered a judgment as follows: "It is considered that the plaintiff take nothing by his suit; but that he return the goods and chattels described in the affidavit to the defendant, according to law; and that the defendant recover of the plaintiff his costs of suit." The plaintiff appealed. The Circuit Court, on the motion of the defendant, dismissed the appeal, on the ground "that there was no such judgment rendered by the justice as authorized an appeal."

We see no ground on which this decision can be sustained. The statute authorizes appeals generally from the judgments of justices of the peace. The judgment in the record is not so formal as it might have been, but it is a judgment, and a final one against the plaintiff. Had it contained nothing but that the plaintiff should take nothing by his suit, and that the defendant should recover costs, an appeal would have lain from it. It is of very little importance what may be the form of a justice's judgment, so far as the appeal is concerned. The trial in the Circuit Court is *de novo;* and that Court renders its own judgment according to the merits of the cause.

A bill of exceptions shows that the replevin-bond, taken by the constable, was filed in the Circuit Court among the papers of this cause; that the surety of the plaintiff in that bond (*J. B. Brewer*) was a material witness for him; that before the motion to dismiss was made, the plaintiff moved the Court for leave to substitute another surety in the place of *J. B. Brewer;* that he offered one *Storer* for that purpose, he

Nov. Term,
1845.

being in Court and assenting to the change, and being admitted by the defendant to be competent as a surety. The defendant objected to the substitution, and the Court overruled the motion.

The question here raised does not strictly belong to this cause in its present shape; but as it will probably present itself in the future progress of the action, it may as well be settled now. We think the motion should have been granted. It is customary with Courts to restore the competency of a witness, who has become interested in consequence of being a surety for a party in an instrument growing out of a cause, by substituting another surety in his place. A defendant has been allowed to change his bail, for the purpose of using the first bail as a witness. Anon. 2 Chitt. R. 103. So, upon a defendant's depositing money enough to cover the debt and costs, the name of his bail has been stricken out of the bail-piece, and the person thus exonerated rendered competent as a witness for him. *Bailey* v. *Hole*, 3 C. & P. 560. And in *Bailey* v. *Bailey*, 1 Bingh. 92, which was an action of replevin, one of the sureties in the replevin-bond being a material witness for the plaintiff, another person was substituted as surety, by order of the Court. In none of these cases was the consent of the opposite party to the change asked or given.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. B. Niles* and *A. L. Osborn*, for the appellant.