## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1856, AT NORTHAMPTON.

PRESENT.

HON. LEMUEL SHAW, CHIEF JUSTICE
HON. CHARLES A. DEWEY,
HON. THERON METCALF,
HON. BENJAMIN F. THOMAS,
HON. PLINY MERRICK,

} JUSTICES.

---

## COMMONWEALTH *vs.* PATRICK O'NEIL.

An appeal lies to the court of common pleas from a sentence of a justice of the peace that the defendant pay a certain fine and costs, and be imprisoned for a certain time, "and stand committed until this sentence be performed or he be otherwise discharged according to law."

Members of an association to prosecute offences against certain laws, who have each, by subscribing a certain sum to the funds of the association, rendered themselves liable to pay, to the extent of their subscriptions, their proportion of expenses incurred in such prosecutions, are not incompetent to sit as jurors on the trial of such a prosecution commenced by the agent of the association, and carried on at its expense, if it does not appear but that they have paid their subscriptions before this prosecution was commenced.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquor. The sentence of the justice of the peace

before whom the complaint was made was, as stated in his record, that the defendant pay a fine of ten dollars and costs, and be committed to the house of correction, "there to be confined to hard labor for and during the term of twenty days, and stand committed until this sentence be performed or he be otherwise discharged according to law. From which sentence the defendant appeals to the court of common pleas."

After a trial and verdict of guilty in that court, the defendant brought the case to this court upon the following bill of exceptions, signed by *Bishop*, J.:

"Before the trial in this court, the defendant objected to the jurisdiction of the court, on the ground that no appeal lay from the supposed sentence of the justice, and that the appeal was not properly taken. But the court overruled the objection.

"From inquiries made by the court, of the jurors called to try the case, it appeared that three of them were members of Carson Leagues. One juror was a member of such an association in the town of Northampton, which was composed of inhabitants of Northampton, and whose object was the prosecution of violations of the laws against the manufacture and sale of intoxicating liquors; the members subscribed each a certain sum to the funds or capital of this association, for the purpose of defraying the expenses of such prosecutions; and each member was liable to be assessed his proportion of all expenses incurred as aforesaid, and was liable to pay the same to the extent of his subscription. The complaint in this case was made by an agent of the association to which the said juror belonged, who was employed by said association for that purpose; and was prosecuted at the expense of said association, except the legal costs.

"Two other of the jurors were members of similar associations for other towns, but were not liable to be assessed for the expenses of this prosecution, and had no interest in the prosecution, except their being members of such associations.

"The defendant objected to the competency of each of said jurors. But the court overruled the objection, and held said jurors to be competent, and they all sat in the case.

"To which rulings and opinions the defendant excepts."

*W. Allen, Jr.* for the defendant. 1. The court of common pleas had no jurisdiction of the complaint. An appeal from a justice of the peace lies only from a sentence. *St.* 1855, *c.* 215, § 32. *Bowler* v. *Palmer*, 2 Gray, 553. The sentence passed by the justice in this case was irregular, in ordering the defendant to stand committed " until this sentence shall be performed or he be otherwise discharged," instead of being absolute. *St.* 1855, *c.* 215, § 15. *Herrick* v. *Smith*, 1 Gray, 50, 51. It was therefore wholly void. *Cole's case*, W. Jon. 170. *Smith* v. *Rice*, 11 Mass. 513, 514. *Ex parte Dunbar*, 14 Mass. 393. *Robbins* v. *Lexington*, 8 Cush. 292.

2. The jurors objected to were not indifferent. Co. Lit. 157 *l.* Bac. Ab. Juries, E. 5. Fitz. N. B. 165. Colony *St.* of 1641, Anc. Chart. 199. Declaration of Rights, art. 29. Rev. Sts. *c.* 95; *c.* 137, § 2. *Commonwealth* v. *Ryan*, 5 Mass. 92. *Commonwealth* v. *Hussey*, 13 Mass. 221. *Davis* v. *Allen*, 11 Pick. 467. *Flagg* v. *Worcester*, 8 Cush. 72. *Strong* v. *Strong*, 9 Cush. 570, 574. *Commonwealth* v. *Reed*, 1 Gray, 475. *Commonwealth* v. *Eagan*, 4 Gray, 20, 21.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. 1. Assuming that the sentence passed by the justice was void, and might have been treated by the defendant as void, (about which no opinion is required,) yet it does not follow that an appeal therefrom could not legally be taken. The Rev. Sts. *c.* 85, § 28, and *c.* 138, § 1, provide that every person, convicted before a justice of the peace, of any offence whatever, in any county except Suffolk, may appeal from the sentence to the court of common pleas. If the sentence be void, the defendant may undoubtedly omit to claim an appeal, and, if committed to prison, be discharged on a writ of *habeas corpus*, or may successfully defend against a suit on his recognizance, if he has entered into one, for not abiding the sentence. Still he may appeal to the court of common pleas, where he will be released, or a legal sentence be imposed; and is not obliged to incur the risk of acting on a mistaken opinion as to the nullity of his sentence. An appeal opens to him the whole case, as to the law, the facts and the judgment.

In civil cases, where an appeal is given from a justice's judg‧ment, such appeal is well taken from a judgment in a case in which the justice had no jurisdiction, and in which, of course, his judgment is a nullity. *Moore* v. *Wait,* 1 Binn. 219. See also *Brewer* v. *Murray,* 7 Blackf. 567, and *Wallace* v. *Brown,* 5 Foster, 220.

2. We are of opinion that sufficient does not appear, on these exceptions, to warrant us in deciding that the three jurors, who were objected to, were legally incompetent to sit on the trial of the defendant. It does not appear that either of them was under any obligation, legal or honorary, to contribute any thing for the prosecution of this case. For aught that is shown, each of them may have paid, before this prosecution was commenced, the full sum which he had subscribed as a member of the Carson League. It therefore does not appear that either of them had any, even the smallest, pecuniary interest in the event of the prosecution; and the court cannot presume, without evidence, that they had. They might have been interrogated, on oath, whether they had expressed or formed any opinion in the case, or were sensible of any bias or prejudice; and their answers might possibly have been such as to exclude them from the panel. As these exceptions are framed, we cannot find in them enough to show that the judge, at the trial, was legally bound to set these jurors aside. It might have been well, if in his discretion he had done so. *Exceptions overruled.*