MELTON v. THE STATE, on the relation of SWADENER.

In a prosecution for bastardy, the trial cannot proceed in the defendant's absence, upon return of not found: he must be either arrested, or notified of the pendency of the suit, as in ordinary cases.

APPEAL from the *Warren* Court of Common Pleas.

DAVISON, J.—Prosecution for bastardy against *Melton*. The complaint was made by one *Mary Anne Swadener*, before a justice of the peace of *Warren* county. A warrant was issued against the defendant which was returned not found, and in his absence the justice proceeded to take

the examination of the complainant, which he reduced to writing. And having adjudged the defendant guilty, he certified the proceedings to the *Warren* Common Pleas. The justice's transcript was filed in that Court on the 31st of *March*, 1856, and on the day following, its clerk issued a writ for the arrest of the defendant, directed to the sheriff of *Warren* county, and returnable to the next term of said Court. On the 7th of *April*, 1856, being the first day of said next term, the writ was returned not found, and on the 9th of that month the cause was, in the defendant's absence, submitted to a jury, who found him guilty. Judgment was rendered in accordance with the verdict.

This judgment the appellant seeks to reverse, upon the ground that the record is silent as to whether he had notice of the pendency of the suit in the Common Pleas; while on the other hand, it is insisted that the return of not found was sufficient to authorize a trial in his absence.

The revision of 1838 provided that where, in cases of bastardy, it appeared that the defendant had escaped from actual arrest, or had absconded after the complaint was made, it was the duty of the Court to make an order directing him to be notified by publication. And further, it was provided that no judgment should be rendered against such defendant until he had notice of the pendency of the suit. R. S. 1838, p. 332. See, also, R. S. 1843, p. 367. Under these provisions, it has been decided that when process cannot be served on the defendant by reason of his non-residence, notice of the pendency of the suit may be given by publication in the manner pointed out by the statute. *Hunter* v. *The State*, 6 Blackf. 383. This decision is cited by the appellant; but it is not an authority in point, because the enactment on which it is based, and to which we have referred, is not now in force; nor does the present statute regulating prosecutions in cases of bastardy, make any provision for notice by publication. The rule of proceeding, as it now stands, is as follows: If the defendant has not been arrested, or has escaped after arrest, the justice may proceed to try the cause in his absence, and in case he is found guilty, the justice shall transmit the papers

and a transcript, without delay, to the clerk of the Circuit or Common Pleas Court of the proper county, who shall file and docket the same for trial; "and such cause shall be heard and determined by such Court in the same manner as if such defendant were present." "When the defendant is not in custody or under bond to appear, &c., and a transcript has been filed, the clerk shall issue to the sheriff of any county where the defendant may be alleged to be, a warrant for his apprehension; and such sheriff, if he arrest the defendant, shall require of him a bond for his appearance, &c., and on his failure to give the same, shall commit him to the jail of the county where such cause is pending." 2 R. S. pp. 487, 488. These provisions do not, as did the statute of 1838, inhibit the rendition of a judgment against such defendant until he had notice of the pendency of the suit. Still, it seems consistent with a proper administration of justice, that judgment should not be given, in any case, without notice to the defendant in some mode known to the law. And this principle must control our decision in this case, unless the statute before us affirmatively shows a legislative intent to dispense with such notice. The clerk, as we have seen, is required to issue a warrant for the apprehension of the defendant. Now, in ordinary cases, upon a return of not found, it becomes the duty of the Court—a proper application being made—to order another writ until the defendant is found; and when he is shown to be a non-resident, to direct him to be notified of the suit by publication. It seems to us that this rule of procedure, when applied in cases of bastardy, would not conflict with the statute. True, it says, "such cause shall be heard, &c., in the same manner as if the defendant were present;" but this does not, either in terms or by inference, preclude the necessity of giving him notice of the pendency of the suit. Though arrested and notified, he might not appear in Court, either in person or by attorney, and, in that event, a trial in his absence might not be erroneous.

We are, therefore, of opinion that the judgment, having

been obtained without arrest of the defendant, or notice of suit, is not well founded, and must be reversed.

*Per Curiam.*—The judgment is reversed with costs.

*R. C. Gregory*, *H. W. Chase*, and *J. A. Wilstach*, for the appellant.

*J. R. M. Bryant*, for the state.