## WISEMAN *v.* RISINGER.

A record of a Court of conciliation may be given in evidence to the Court, upon a question as to costs, after the cause has been given to the jury.

The original of such record will be received instead of a copy.

If a party appear in a Court of conciliation, it cannot afterwards be objected that the record does not show that he had notice.

APPEAL from the *Ripley* Circuit Court.

HANNA, J.—*Risinger* sued *Wiseman* for an assault and battery, and recovered judgment for 165 dollars.

A motion for a new trial was made, based upon two assigned causes—

1. That the verdict was contrary to the law and the evidence.

2. That the damages were excessive.

Neither the evidence, nor instructions to the jury, if such were given, are in the record. The only point made that we care to notice, is in regard to the judgment for costs, which was for the plaintiff. The record shows that, after the jury retired, the plaintiff gave in evidence to the Court, the record-book and original entry of the Common Pleas judge, in reference to an attempt to conciliate between the plaintiff and defendant as to damages for an assault and

May Term, 1860.

battery. That record is dated the second day of *March*, 1859. This suit was instituted on the 28th of *July*, 1859.

Three objections were made to the introduction of the evidence—

1. The law required a copy.

2. There was no notice to defendant to appear and con-ciliate.

3. The evidence was not admissible after the case had been given to the jury.

As to the first objection, we think the statute, taking §§ 9 and 10 (2 R. S. p. 225) together, authorizes the introduction, as evidence, of either the original entry on the record, or a certified copy of that record, and is not confined, as contended, to the copy.

As to the second objection, the record introduced showed that both parties were present in the attempt to conciliate. By § 10, above referred to, it is provided that the plaintiff cannot recover costs, unless he produce at the trial the certified copy, &c.

It is insisted that the trial was closed when the case was given to the jury, and that it was then too late to produce or offer the evidence. We think not, for the purposes intended by this statute. The jury had nothing to do with the question of the taxation of costs.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*W. S. Holman*, for the appellant.