ALLEN and Others *v.* THE CITY OF VINCENNES and Another.

EVIDENCE.—RECORD.—Suit by the owners of certain lots in the city of *Vincennes* to enjoin the city from opening a street, alleging that the line of the street as surveyed, and about to be opened, was incorrect. On the trial the city offered in evidence, to establish the line of the street, the record of a plat of the city, made in 1821, and recorded in the deed records of the county. It did not appear by what authority the survey was made, nor was the plat acknowledged or proved so as to entitle it to record. *Held,* that the record of the plat was not admissible in evidence.

APPEAL from the *Knox* Circuit Court.

GREGORY, J.—The appellants filed their complaint in the court below against the appellees, in which it is averred that the plaintiffs are the owners in fee of lots 165, 166, 171 and 172, in *Harrison's* addition to the city of *Vincennes*, bounded by the north-east side of *Hart* street; that they are in the actual possession thereof, having the same inclosed; that the common council of the city procured one *Smith* to make a survey of the street, who run the north-east line thereof from ten to fourteen feet too far north-east, so as to take that much of the plaintiffs' lots for the street; that the defendant *Donovan*, under the direction of the common council, is about to remove the fences of the plaintiffs and open the street according to the survey; that if the defendants are not restrained, the plaintiffs' property will be taken for public use, for a street, without compensation. Prayer for an injunction.

The defendants answered: 1. By a general denial. 2. That the survey is correct, and in accordance with the survey of *Johnson* and *Emerson*. A demurrer to the second paragraph of the answer was overruled, and the defendants replied by a general denial. Trial by jury; verdict for the defendants; motion by the plaintiffs for a new trial overruled. The evidence is in the record.

The first question presented by the record is one of evidence. The court below admitted, over the objection of the

appellants, from the record of deeds, a recorded plat of the borough of *Vincennes*, as surveyed by *Johnson* and *Emerson*. By what authority the survey was made did not appear. There are recorded with this plat the following memoranda:

"Presented to the Board of Trustees of *Vincennes*, this 20th of *August*, A. D. 1821, by *G. W. Johnson.*

"Filed with the clerk on *Monday*, the 16th of *April*, 1821.
       (Signed,)       "SAMUEL HILL,
"*October* 27th, 1834.       *Clerk B. T. B. V.*"
"Received, *January* 26th, 1848."
       (Signed,)       "R. BUNTIN, *R. K. C.*"

The matter in dispute was the north-east boundary of *Hart* street. *Harrison's* addition was platted, and the plat acknowledged, on the 9th of *September*, 1816, and was incorporated with the borough of *Vincennes* by an act of the legislature, passed *January* 3, 1817. The object of introducing the record of the plan of the borough of *Vincennes* in evidence was to show the location of *Hart* street. There was testimony tending to show that the survey of *Johnson* and *Emerson* had been recognized and acted upon by the citizens of *Vincennes* as correct; but there is no acknowledgment or proof so as to entitle it to record. Without this the record is not evidence. We think the court erred in admitting the testimony. It is claimed in vindication of the action of the court below, that the record of the plat given in evidence is an "ancient document." The plaintiffs are not parties or privies to it. The addition in which their lots are situated was platted in 1816. A survey made in 1821 cannot be considered a part of the *res gestæ*, so as to entitle it to admission on the ground of its being an ancient document. If it could be shown that possession followed this survey, then the original, if produced, would have a tendency, perhaps, to establish the fact in dispute. But in the case in judgment it appears in evidence that the ground in controversy was never occupied as a street.

The evidence shows that *Harrison's* addition was bounded

on *Hart* street; that the street formed no part of the addition, but in the survey of *Johnson* and *Emerson* the location was so changed as to make twenty-five feet thereof, at its eastern terminus, occupy a part of this addition; that *Hart* street, according to the original survey, was located as claimed by the plaintiffs, but the difficulty as to its northeastern boundary had its origin in the survey of *Johnson* and *Emerson*. We think the original survey, the long continued possession thereunder of the plaintiffs and those under whom they claim, together with the fact that the strip of ground in dispute was never occupied or used as a street, are controlling circumstances in the case. The court erred in overruling the motion for a new trial. There are several questions made on the instructions given and refused by the court, but as we think the verdict is not sustained by the evidence, we do not deem it important to consider them.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to grant a new trial, and for further proceedings in accordance with this opinion.

*F. W. Viehe*, for appellants.

*J. S. Pritchard*, *W. E. Niblack* and *W. H. De Wolf*, for appellees.