## TODHUNTER *v.* MARSHALL and Others.

JUSTICE OF THE PEACE.—*Change of Venue.*—*Costs.*—*Appeal.*—In an action of replevin before a justice of the peace, a change of venue was awarded to another justice, upon the application of the defendant, and the former justice omitted to certify his transcript to the latter, by whom, for this reason, the cause was dismissed on the plaintiff's motion, assigning that said latter justice had no jurisdiction of the persons of the parties or the subject-matter of the action.

*Held,* that the plaintiff was not entitled to costs against the defendant.

*Held,* also, that an appeal lay to the circuit court, in such case, from a judgment against the defendant for costs, though informal.

APPEAL from the Howard Circuit Court.

GREGORY, J.—The appellees. commenced an action for the possession of personal property against the appellant, before a justice of the peace. A trial. of the cause resulted in a verdict for the defendant. A new trial was granted, on the motion of the appellees. The appellant applied for and obtained a change of venue to another justice. On the day set for trial, the appellees appeared before the latter justice and moved to dismiss the cause, for the alleged reason that the justice had no jurisdiction of the persons of the parties or of the subject-matter of the action. The justice dismissed the cause. After setting out the motion, he made this docket entry: "In accordance, the case was dismissed for the want of jurisdiction therein. The court taxes the costs in this case to the defendant. Costs accrued. before me in this cause taxed at twenty dollars and sixty cents." Todhunter appealed to the court below. On motion of the appellees, the appeal was dismissed, for the alleged reason that there was no judgment from which an appeal would lie.

It is claimed that this entry was not a judgment; and if it was, that no harm was done to the appellant.

The difficulty arose from the omission of the justice before whom the action was commenced to certify his transcript to the justice to whom the change of venue was awarded. The plaintiffs had a right to dismiss their action

at any time before verdict, but they had no right to recover costs against the defendant. And in such case, the defendant was entitled to a judgment of return. 2 G. & H. 600, sec. 73.

If the change of venue had not been perfected, it was the duty of the justice to remand the cause back for trial. The dismissal of it by the plaintiffs was voluntary on their part, and gave them no right to costs against the defendant. It is very clear that the justice rendered a judgment as a court for the costs. It is true that the judgment is informal, but this does not deprive the defendant of his appeal. *Brewer* v. *Murray,* 7 Blackf. 567.

Judgment reversed, with costs; cause remanded for further proceedings.

*C. N. Pollard,* for appellant.

*R. Vaile* and *C. E. Hendry,* for appellees.