Britton v. The State, ex rel. Miller.

BRITTON v. THE STATE, EX REL. MILLER.

| 54 | 535 |
|----|-----|
| 133 | 491 |

BASTARDY.—*Former Adjudication.—Acknowledgment of Record that Maintenance for Bastard has been Provided.—Evidence.—Jurisdiction.—Secondary Evidence.*—The defendant in a prosecution for bastardy filed a special plea of a former adjudication of such cause before a justice of the peace, attaching to such plea as part thereof a duly certified transcript of the record of such proceedings. On the trial thereof he offered in evidence, under such plea, the original record of the justice before whom such alleged former adjudication was had, showing a prosecution for bastardy between the same relatrix and defendant, the verified complaint of the former, the appointment of a special constable, the issuing to such constable, by name, and the service and return by him, of a warrant for the arrest of the defendant, the appearance of the relatrix and defendant and the examination of the former on the trial of such cause, the reducing of her statement to writing, a finding that the defendant was the father of the bastard, the recognizing of the defendant, with surety, to appear in the circuit court to answer to such charge, and the dismissal, by the relatrix, of such cause, on her acknowledgment of record that the defendant had made satisfactory provision for the maintenance of such bastard.

*Held,* that such record showed said justice to have had jurisdiction of the subject-matter of, and parties to, such suit, and, accompanied by the admission of the relatrix that the cause therein adjudicated was identical with the one on trial, should have been admitted in evidence.

*Held,* also, that where a certified copy of such record is admissible in evidence, the original is likewise admissible.

SAME.—*Arrest.—Justice of the Peace.—Powers of.*—In a prosecution in bastardy, the justice before whom it is commenced has the power to issue a warrant for the arrest of the defendant.

SAME.—*Judgment of Justice of the Peace.—Appeal from.*—A judgment rendered by a justice of the peace, in a prosecution for bastardy, that the "defendant is discharged from custody" and "that the relatrix do pay the costs of this suit", though informal, was one from which the plaintiff could appeal.

SAME.—*Evidence.—Judgment.—How Attacked Collaterally.*—The record of a court having jurisdiction of the subject-matter of, and parties to, an action is conclusive evidence of the facts therein set forth pertinent to the issues there tried, and the judgment therein rendered can not be attacked collaterally, except for fraud practised in obtaining it.

SAME.—*Appointment of Special Constable.—How Made.*—An appointment of a special constable by a justice of the peace need not be made in writing, but must be noted on his docket, either before or after such appointment is made.

From the Montgomery Circuit Court.

*J. McCabe,* for appellant.

*J. R. Courtney* and — *Paul,* for appellee.

PERKINS, J.—On the 9th day of December, 1874, a prosecution for bastardy was commenced against George W. Britton, on complaint made by Isophene Miller, an adult, before Richard Canine, a justice of the peace. The cause was taken, by change of venue, before B. R. Russell, also a justice of the peace, by whom it was heard.

The defendant filed the following answer before Mr. Justice Russell:

First. The general denial;

Second. "And for further and other answer herein, and in bar of the plaintiff's complaint, defendant says that heretofore, to wit, on the 24th day of May, 1873, and before one John W. Ramsey, a justice of the peace of Union township, in Montgomery county and State of Indiana, and in a court of competent jurisdiction, all the matters and things contained in plaintiff's complaint were fully adjudged and determined, in a case in which the State of Indiana, on relation of Isophene Miller, was plaintiff, and George W. Britton was defendant, in a complaint for bastardy, which said cause is by the same relatrix and against the same defendant, and is for the identical same cause of action; which said cause of action was heard, adjudged and fully determined before said justice, by and between this relatrix and this defendant; and this relatrix, being then of full age, did then and there, of her own motion, enter and sign her receipt, and caused the same to be entered of record in open court, that this defendant, George W. Britton, had made full and ample provision for the maintenance of her bastard child, to her full and entire satisfaction, and then and there, of her own consent, in open court, caused the said proceedings to be dismissed. That then and there a decision was duly given for the dismissal of said proceedings in bastardy, a certi-

fied copy of which is herewith filed and made a part hereof, marked ' exhibit A.' And defendant says that by. reason of the said former adjudication the relatrix herein is estopped and barred from further prosecuting," etc., and he demands judgment accordingly, and for costs.

"Exhibit A" accompanied the answer and appears later in this opinion. This answer was sworn to. Plaintiff replied in denial of the answer, and also specially.

The justice hearing the cause, Russell, on motion, struck out the special reply, held the former proceedings before Justice Ramsey a bar to the proceedings before him, Russell, and gave judgment in this form:

"Defendant is discharged from custody; and it is further adjudged that the relatrix do pay the costs of this suit, taxed at ———.

"BYRON R. RUSSELL, J. P.'

An appeal was taken to the proper circuit court.

In the circuit court the plaintiff demurred to the second paragraph of answer filed before Justice Russell and copied above, being the answer of satisfaction acknowledged in court before Justice Ramsey. The demurrer was overruled.

The plaintiff then replied to the paragraph;—

First. In denial;

Second. That the acknowledgment of satisfaction and other proceedings, alleged in said paragraph to have been had before Justice Ramsey, were fraudulent, setting out the facts. A demurrer to the second paragraph of reply was overruled. The cause was submitted to a jury. Two issues were to be tried, involving the questions,—

First. Was the defendant the father of the bastard child?

Second. Had there been a prior satisfaction, obtained without fraud, entered on the docket of Justice Ramsey?

After the plaintiff had closed her evidence in chief, the defendant introduced John W. Ramsey, the justice of the peace before whom proceedings in bastardy were first had,

and in which the acknowledgment of satisfaction was entered, who stated: "I am a justice of the peace of Union township, in Montgomery county, Indiana, and was such justice on the 24th day of May, 1873." Said witness then produced a book and said, "this is my docket." The witness was then asked to turn to the page on which was recorded the case of the State of Indiana, on the relation of Isophene Miller, against George W. Britton. After turning to the page, the witness was asked to read the record in said cause, to the reading of which record in evidence the relatrix objected, on the ground that it was irrelevant because it did not appear from said record that said justice had jurisdiction of the persons of the parties or of the subject-matter, and the court sustained the objection and excluded the whole of said record from the jury as evidence, which record reads as follows, to wit:

"The State of Indiana, County of Montgomery. Before J. H. Ramsey, Justice of the Peace, Union township.

"State of Indiana, on the relation of Isophene Miller, *v.* George W. Britton. Complaint for Bastardy.

"'Isophene Miller complains of George W. Britton, and says that on the fifth (5th) day of May, A. D. 1873, she was delivered of a bastard child which is now living, and that said George W. Britton is the father of said child.

(Signed)                    "'Isophene Miller.'

"May 24th, 1873. Isophene Miller this day made complaint that she has been delivered of a bastard child, and that George W. Britton is the father of said child; her said accusation was reduced to writing by me and sworn to by her, and I then issued a warrant for said George W. Britton, and delivered it to William Britton, special constable, appointed and sworn to act as special constable in said cause.

"May 24th, 1873. With the body of George W. Britton, the said constable returned the warrant endorsed as follows, to wit:

" 'I have the body of the within named in court.

" 'Britton, Sp. Con.'

"The said Isophene Miller was duly sworn and examined by me, in the presence of the said George W. Britton, and the examination reduced to writing by me and filed. Finding said complaint true, it is ordered and adjudged that he, the said George W. Britton, enter into a recognizance in the sum of three hundred dollars for his appearance at the next term of the circuit court of Montgomery county, to answer said complaint and abide the order of the court thereon. The said George W. Britton, with Edward G. Rowe, entered into recognizance accordingly.                J. W. Ramsey, J. P."

"Dated this 24th day of May, 1873."

The next entry upon the justice's docket was this:

"I, Isophene Miller, do hereby dismiss the prosecution instituted in the name of the State of Indiana, by me, against George W. Britton; and I hereby enter of record my admission that the said George W. Britton has made full provision for the maintenance of the said bastard child, to my full satisfaction.

"Isophene Miller."

It was here admitted by the relatrix that "the said record of said justice related to the same identical bastard child mentioned in the complaint in the present suit, and that the parties to the present suit were the identical same parties, plaintiff and defendant, mentioned in the offered record, and that it was for the identical same cause of action mentioned in this suit."

To which ruling of the court in excluding said record the defendant excepted. Verdict against the defendant; motion for a new trial overruled and judgment on the verdict.

The record of Justice Ramsey, which the court refused to admit in evidence, corresponds with the transcript of said record and acknowledgment which was filed as an exhibit with the second paragraph of defendant's answer;

the only difference being that the exhibit has the certifi- cate of the justice, appended to the transcript of the pro- ceedings including the acknowledgment of satisfaction, that it is a true transcript, etc.

The second paragraph of answer, based upon the record of the justice which was rejected as evidence, it will be recollected was held good on demurrer.

A great many questions were raised, decided and re- served in the circuit court, for reexamination here, which it will hardly be proper and is entirely unnecessary for us to notice. The case was hotly contested on both sides.

Some general propositions may be stated.

The plaintiff may appeal in a bastardy case.    *Glenn* v. *The State, ex rel., etc.,* 46 Ind. 368.

The judgment in this case, by Mr. Justice Russell, was informal, but it was a judgment that might be ap- pealed from.    *Brewer* v. *Murray,* 7 Blackf. 567.

The question on which the decision of this case depends is, did the court below err in rejecting as evidence the judgment of Esquire Ramsey ?

" The record of a justice of the peace is conclusive evi- dence of the facts set forth therein, and such record can not be contradicted by a pleading," (*Larr* v. *The State, ex rel., etc.,* 45 Ind. 364,) as to matters pertinent to the issues tried.

The judgment of a court having jurisdiction of the subject-matter and of the parties, however irregular, is not void, and can not be impeached collaterally.    *Evans* v. *Ashby,* 22 Ind. 15.    But where the court has no juris- diction, its proceedings are void.    *Taylor* v. *Conner,* 7 Ind. 115; *Loeb* v. *Mathis,* 37 Ind. 306.    And the record of a court of limited jurisdiction must affirmatively disclose such a state of facts as warrants the exercise of jurisdiction. *Cobb* v. *The State,* 27 Ind. 133.    A judgment, however, it should be remembered, may be attacked for fraud.    *Lee* v. *Back,* 30 Ind. 148; *De Armond* v. *Adams,* 25 Ind. 455.

In the case in which the record was rejected as evi-

dence, the case before Esquire Ramsey, the justice had jurisdiction of the subject-matter ; that is, he had power to hear a complaint in bastardy. The justice appears to have acquired jurisdiction of the person. He appointed a special constable, as is shown by the transcript; the warrant was issued to him, the appointee, as such, by name, and was duly served and returned ; the hearing of the cause appears to have been regular, and so does the recognization, and the entry of satisfaction by the mother of the bastard child. *Gipe* v. *The State, ex rel., etc.*, 40 Ind. 158 ; *Dodd* v. *The State, ex rel., etc.*, 30 Ind. 76 ; *Garner* v. *Cook*, 30 Ind. 331.

The appointment of a special constable need not be made in writing, (2 R. S. 1876, p. 638, sec. 110,) but it must be noted upon the docket; and if not noted at the time it is made, it may be done afterwards. *McLain* v. *Matlock*, 7 Ind. 525 ; *Dietrichs* v. *Schaw*, 43 Ind. 175, and cases cited.

The point is made that, instead of offering the original record of the justice of the peace in evidence, the defendant should have offered the certified transcript, made an exhibit in the second paragraph of his answer. We think that, where a copy might have been evidence, the original would not have been inadmissible. *The Madison, etc., R. R. Co.* v. *Whitesel*, 11 Ind. 55. See *Wiseman* v. *Risinger*, 14 Ind. 461 ; *Indianapolis, etc., R. R. Co.* v. *Jewett*, 16 Ind. 273 ; *Jenkins* v. *Parkhill*, 25 Ind. 473 ; *Green* v. *The City of Indianapolis*, 25 Ind. 490 ; *Allen* v. *The City of Vincennes*, 25 Ind. 531.

As to the power of the court to cause the arrest of the defendant during the pendency of proceedings, see *Walker* v. *The State, ex rel., etc.*, 6 Blackf., 1, and *Melton* v. *The State, ex rel., etc.*, 9 Ind. 452.

The judgment is reversed and cause remanded for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.