Waltman *v.* Rund *et al.*

No. 12,419.

WALTMAN *v.* RUND ET AL.

DEDICATION.—*Statutory.*—*User.*—*Town.*—*Streets and Alleys.*—Streets and alleys of a town, as fixed by continuous user for more than twenty years, will prevail as against a prior invalid statutory dedication.

SURVEY.—*County Surveyor.*—*Conclusiveness of Decisions.*—Decisions by a county surveyor are only conclusive, when not appealed from, in cases where he is called upon to perform a duty enjoined upon him by law.

From the Brown Circuit Court.

*G. W. Cooper* and *W. M. Waltman,* for appellant.
*R. L. Coffey* and *W. R. Harrison,* for appellees.

ELLIOTT, C. J.—In the year 1836, William Snider owned a tract of land on which he desired to locate a village, and in that year he made a plat of the proposed village and designated streets and alleys thereon. But this plat was not executed as the statute required, and was not good as a statutory dedication. *Allen* v. *City of Vincennes,* 25 Ind. 531; *Taylor* v. *City of Fort Wayne,* 47 Ind. 274; 2 Dillon Munic. Corp. (3d ed.), section 628.

The plat was founded on an erroneous description of the land, and this error materially changed the dimensions and location of the streets and alleys, and the user by the public did not correspond with the streets and alleys as designated on the plat of the village. As the attempted statutory dedication was invalid, the location and dimensions of the streets and alleys were fixed by the user which began as early as 1840, and as fixed by that user they must be regarded as now existing. The streets and alleys as established by this user are as they are claimed by the appellee to be, and this claim must prevail over that based on the plat executed in 1836. There are, indeed, no highways except such as the user created.

There is no question of estoppel in the case, for the facts stated in the special finding show that the appellant acquired

no rights until after the streets and alleys had been fixed and located by continuous user for more than twenty years.

The appellees were not bound by the decision of the county surveyor made in April, 1879. The surveyor was not called upon "to establish, relocate, or perpetuate corners," but he was called upon "to make a survey of the lots, streets, alleys and lines of the town of Georgetown." The decision of the surveyor is not conclusive in such cases, for his decision is only conclusive, when not appealed from, in cases where he is called upon, after due notice to land-owners, "to establish, relocate or perpetuate corners."

The case of *Herbst* v. *Smith*, 71 Ind. 44, is not in point, for, in that case, the surveyor was called upon, after due notice, to perform a duty enjoined on him by law, and to act in a matter where his decisions, if not appealed from within three years, became conclusive.

Judgment affirmed.

