## CITY OF HUNTINGBURG *v.* FISHER.

[No. 9,630. Filed June 5, 1918. Rehearing denied December 12, 1918.]

1. APPEAL.—*Review.—Evidence.—Sufficiency.*—Where there is evidence tending to sustain the finding of the trial court on all material questions, the finding will not be disturbed on appeal for insufficiency of evidence. p. 668.

2. EVIDENCE.—*Records.—Admissibility.—Authentication.—Statutes.*—In view of §§3250, 3251 R. S. 1881 and §§8901-8903 Burns 1914, Acts 1905 p. 383, Acts 1901 p. 348, relating to the adoption, recording and authentication of surveys and plats of cities and towns, a loose paper, claimed to be a town plat, was properly excluded from evidence in an action to quiet title, even though found among the city records, where there was no proof that it had been signed by any one, that it was a duly authorized, executed and recorded plat in accordance with the statutes, or how or by what authority it had been placed with the records of the city. p. 668.

3. NEW TRIAL. — *Grounds. — Newly-Discovered Evidence. — Diligence.—Showing.*—In an action to quiet title, a new trial on the ground of newly-discovered evidence, consisting of a deed, will not be granted, where the showing made indicates that the deed was found of record in the county recorder's office, where it had been for many years and no facts are alleged to show any effort to obtain such evidence before trial, though defendant was in possession of such information as would put it on inquiry. p. 669.

From Dubois Circuit Court; *Edward P. Richardson,* Special Judge.

Action by Wilhelmina Fisher against the city of Huntingburg. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*A. L. Grey,* for appellant.
*Leo H. Fisher,* for appellee.

FELT, J.—Appellee brought this suit against appellant, the city of Huntingburg, Indiana, to quiet her title to a strip of ground about thirteen feet in width lying between the south line of Sixth street in the city of Huntingburg, Dubois county, Indiana, and the north line of outlot No. 3 of the original plat of said town, now city, aforesaid.

The complaint, in the usual form to quiet title to real estate, was answered by a general denial. The case was tried by the court, and a general finding made in favor of appellee, on which judgment was rendered quieting her title to the real estate described in her complaint.

Appellant's motion for a new trial was overruled. The only error assigned and relied on for reversal is the overruling of the motion for a new trial.

Appellant assigned as causes for a new trial that the decision of the trial court is not sustained by sufficient evidence, that it is contrary to law; that the court erred in the exclusion of certain evidence; that a new trial should have been granted on account of newly-discovered evidence.

Appellant's briefs do not clearly point out the particular error relied on for reversal, but, considering the same in connection with appellee's briefs, we are able to ascertain that the main contention of appel-

lant is that appellee wholly failed to offer any evidence tending to sustain the material allegation of the complaint that she is the owner of the real estate therein described; that the same was and is a part of Sixth street which runs along the north boundary of the city, and appellee has failed to present any evidence which authorized the finding made by the trial court.

Appellant contends that the original plat of the town included the land in controversy in Sixth street, and that the filing of the plat was a sufficient dedication of the ground by appellee's predecessors in title to defeat any claim of appellee to ground in controversy.

There is evidence tending to show that the original plat is lost, does not appear of record, and cannot be found; that such plat had been seen by persons who testified that it did not show a street located on the north side of the original town; that subsequent plats made by authority of the city council show that the strip of ground in controversy is not a part of Sixth street, but is in the possession of appellee, and has been in her possession and use, and in the open, notorious, continuous, adverse possession of appellee's predecessors in title for more than forty years under a claim of ownership; that during that time improvements were placed and maintained thereon, consisting of a fence along the north line of said strip, barns, sheds, trees, a garden plot and other improvements; that the city at no time asserted any claim to or dominion over said strip as a public street until about two years prior to the trial of this case.

The evidence tends to sustain the finding of the trial court on all material questions, and on appeal

this is sufficient. We cannot therefore sustain the contention that the finding of the trial court is not sustained by sufficient evidence, nor hold that it is contrary to law.

Appellant also complains of the ruling of the trial court in refusing to receive in evidence a certain loose leaf alleged to be a plat of the "Town of Huntingburg."

In offering the paper appellant's council stated: "There is a loose leaf here marked Huntingburg. It seems similar paper. It may belong to the book. Not sure. It is rather ragged, loose, out of the record. Not the same shape of the pages any more." Proof was also offered to show that the paper offered in evidence had been found among the records of the city, but there was no proof that it had been signed by anyone, or that it was a duly authorized, executed and recorded plat in accordance with the provisions of the statutes of this state. The evidence in fact shows that it had not been signed or executed by anyone. There was no showing as to how or by what authority it had been placed with the records of the city. On the showing made it possessed no probative value whatever. It was only a "scrap of paper" or a private drawing or memoranda of some unidentified person. Therefore the court did not err in excluding it from the evidence. §§3250, 3251 R. S. 1881; §§8901, 8902, 8903 Burns 1914; Acts 1905 p. 383, Acts 1901 p. 348; *Taylor* v. *City of Fort Wayne* (1874), 47 Ind. 274; *Waltman* v. *Rund* (1887), 109 Ind. 366, 10 N. E. 117.

After the time for filing the motion for a new trial had expired appellant filed a supplemental motion

based on certain newly-discovered evidence.
3. The evidence consisted of a deed for an outlot in the same addition as the lot of appellee, made to a third party in 1842 by the person who laid out the original town of Huntingburg, in which deed reference was made to a street thirty feet wide on the north side of the town, which appellant contends would cover the strip in controversy here. The showing made indicates that the deed was found of record in the recorder's office, where it had been for many years. Waiving all other questions concerning the supplemental motion and the admissibility of such deed in evidence, it is sufficient to say that the showing of diligence is insufficient to entitle appellant to a new trial on account of the alleged newly-discovered evidence. There is no showing that any effort had been made to obtain such evidence prior to the trial or prior to the expiration of the time for filing the motion for a new trial.

The public records revealed the name of the person who laid out and platted the original town, and they were open to inspection at all times.

Appellant had the same opportunity before, as after, the trial to search the records for any evidence pertinent to the issues of the case.

The fact that it may have gained information, by accident, or incidentally, without such search, does not excuse the lack of diligence. New trials are only granted on the ground of newly-discovered evidence where due diligence is shown in trying to obtain the evidence, or in cases where the circumstances are such as to clearly excuse the failure to discover the evidence in time to use it at the trial.

Here there is no showing of an effort to discover

the evidence before the trial, though appellant was in possession of such facts as would put it upon inquiry and indicate the possibility of obtaining such evidence by searching the public records. *Hines* v. *Driver* (1885), 100 Ind. 315; *Morrison* v. *Carey.* (1891), 129 Ind. 277, 28 N. E. 697; *McDonald* v. *Coryell* (1893), 134 Ind. 493, 34 N. E. 7.

The court did not err in overruling the motion for a new trial.

The case seems to have been fairly tried on its merits, and a correct result reached. No error prejudicial to any substantial right of appellant has been pointed out. §700 Burns 1914, §658 R. S. 1881.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 837.