CARTER *v.* THE STATE, on the Relation of McKEE.

BASTARDY.—*Pleading.*—The defendant in a prosecution for bastardy was recognized to the court of common pleas, where he answered, that before the commencement of this proceeding the relatrix filed her complaint and affidavit before a justice of the peace named, "of said county, and caused the arrest of said defendant, on the identical charge of bastardy for which he is now prosecuted; that on," &c , said relatrix and defendant appeared before said justice, and she thereupon executed her admission in writing that provision had been made to her satisfaction for the support and maintenance of said bastard child; that by her direction the justice entered said admission of record, and the cause was thereupon dismissed; that said admission was voluntarily and freely executed, and for divers good and valuable considerations, and money paid, besides the amount stated therein; a transcript of the proceedings before said justice being filed with the answer.

*Held,* that the answer was good on demurrer.

*Held,* also, that proof of other consideration for said admission than that stated therein was admissible.

*Held,* also, that the facts stated in said answer could not have been proved in the common pleas court without plea.

SAME.—An answer in such case setting up such an admission of the relatrix without showing that a prosecution had been legally commenced when it was executed, is bad on demurrer.

APPEAL from·the Dearborn Common Pleas.

RAY, J.—Prosecution· for bastardy commenced before a justice of the peace. The defendant was recognized to the court of common. pleas, where he filed an answer in two paragraphs; first, that before the commencement of the present proceeding, the relatrix filed her complaint and affidavit before Elias F. Tenney, a justice of the peace of said county, and caused the arrest of said defendant on the identical charge of bastardy for which he is now prosecuted; that on the 21st day of September, 1868, the said relatrix and this defendant appeared before said justice, and the relatrix thereupon executed her admission in writing that provision had been made to her satisfaction for the support and maintenance of said bastard child, a copy of which written admission was filed, and she thereupon directed said justice to enter the same of record, which was done, and the cause was thereupon dismissed; that the same

was voluntarily and freely executed, and for divers good and valuable considerations, and money paid, besides the amount stated in said agreement, and that this suit is for the same identical cause of action mentioned in said agreement. A full transcript of the proceedings before the justice is filed. A demurrer was filed to this answer. It is objected that no other consideration for the agreement can be proved than that stated in the instrument. The law is otherwise. *McMahan* v. *Stewart*, 23 Ind. 590.

The seventeenth section of the act regulating prosecutions in case of bastardy, 2 G. & H. 628, provides that such an admission by the mother of the bastard child as is averred in this answer shall bar all further prosecutions for the same cause. The answer was, therefore, sufficient.

The only question that remains is, whether these facts could have been proved without plea.

The sixth section of the act provides, that in all such prosecutions the trial and continuance of the cause in the justice's court and circuit court, shall, except when otherwise provided, " be governed by the law regulating civil suits "—of course, the law regulating civil suits in the court where the cause may be pending. We cannot carry the practice before a justice with the case into another court, unless the statute expressly requires it. Such was the view heretofore expressed by this court in *The State, ex rel. Keen,* v. *Wilson,* 16 Ind. 134, and *The State, ex rel. Conner,* v. *Reynearson,* 19 Ind. 211. The demurrer should have been overruled to the first paragraph of the answer. There was a second paragraph of answer also filed, but it failed to show that any prosecution had been legally commenced, and a demurrer was properly sustained to it.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the first paragraph of the defendant's answer.

*F. Adkinson,* for appellant.

*H. D. McMullen, I. M. Dunn,* and *J. Schwartz,* for appellee.