## Gipe *v.* The State, ex rel. Seymour.

BASTARDY.—*Acknowledgment of Record that Provision has been Made for Support.*—In a proceeding to secure the support of an illegitimate child, an answer alleging that the relatrix had previously instituted a proceeding before a justice of the peace for the support of the same child, and that the defendant had paid a sum of money to the relatrix, and that she had entered of record, before the justice, that provision had been made for the maintenance of the child to her satisfaction, and had dismissed the action, and that she was a fit person to have and use the money so paid, is good, though it be not shown that the defendant was served with process in the proceeding before the justice.

APPEAL from the Hamilton Circuit Court.

DOWNEY, J.—This was a proceeding for an order securing

the support of an illegitimate child of the relator, of which she alleged the defendant was the father.

Among other paragraphs of his answer the defendant pleaded as the third, that the relator had previously instituted a similar proceeding against him before a justice of the peace, for the support of the same child; that he had paid her five hundred dollars for its support; that she was a fit person to have and use the money; and that thereupon she had, on the docket of the justice of the peace, acknowledged and entered of record an admission that provision for the maintenance of the child had been made to her satisfaction, and had dismissed the action. There was a demurrer filed by the relator to this paragraph of the answer, and sustained by the court, to which the defendant excepted.

The justice's transcript, filed with the answer, does not show that any process was issued against the defendant in the former case, nor is that fact alleged in the answer. Indeed, it seems to be conceded by counsel for the appellant, that no such process was issued or served, and the whole case turns upon this point.

The transcript shows the making of the complaint, and the entry of satisfaction. We think that there is no merit in the objection to this defence. The statute authorizes the relatrix to make the entry and dismiss the action "at any time before final judgment." 2 G. & H. 628, section 17. It may be fairly presumed that the defendant appeared before the justice, although the entry does not show the fact. As, according to the statute, a settlement of such a case can only be made, so as to be binding and effectual, by an entry in court, it is probable that the whole proceeding was by mutual consent, in order to carry out such an agreement. If there is anything contrary to public policy in sanctioning such an arrangement, we do not perceive it. On the contrary, we think it desirable that the objects of the statute shall be attained with as little publicity as possible. There is no pretence of any unfairness or fraud. The relatrix has received what seems to have been a reasonable provision,

and what she agreed to accept, and holding that she is not in a favorable position to demand more.

That the entry of satisfaction may be made on the docket of a justice of the peace, has been expressly decided by this court. *Carter* v. *The State, ex rel. McKee,* 32 Ind. 404.

It is urged that the justice of the peace did not have jurisdiction of the subject-matter of the action, but had only power to recognize the defendant if he was adjudged to be the father of the child; that he could not say that the relatrix was a suitable person to have the custody of the money to be realized from the settlement; nor could he say what would be a suitable provision for the maintenance of the child.

In answer to these positions, it may be said that the statute to which reference is made only requires that the entry shall be made " of record." The justice of the peace must keep a docket, which is a record. The *court on whose* record the entry is made has nothing to decide as to the suitableness of the relator to have the money, or as to the amount which shall be paid. We think the court erred in sustaining the demurrer to the paragraph of the answer in question.

The judgment is reversed, with costs; and the cause is remanded, with instructions to overrule the demurrer to said paragraph of the answer.

*A. F. Shirts* and *J. W. Evans,* for appellant.

*D. Moss* and *F. M. Trissall,* for appellee.