No. 14,160.

## MAKER v. THE STATE, EX REL. DAY.

BASTARDY.—*Justices of the Peace.—Jurisdiction.*—Justices of the peace have jurisdiction in bastardy proceedings, and a judgment rendered by a justice is a bar to another prosecution for the same purpose.

SAME.—*Provision for Maintenance of Child.—Judgment of Dismissal.—Bar to Future Prosecution.*—Where proceedings in bastardy are instituted by an infant female before a justice of the peace, and in the absence of the defendant, he having fled before arrest, his friends pay her a sum of money, and it is then shown to the justice by the plaintiff and her attorney that suitable provision has been made for the child, whereupon a judgment of dismissal is entered, such judgment is a bar to a future prosecution, unless it appears that the court was misled and deceived as to the provision made for the child.

From the Hamilton Circuit Court.

*J. Stafford, T. E. Boyd, R. R. Stephenson* and *W. R. Fertig,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee.

OLDS, J.—This was a proceeding in bastardy, commenced before Emery Powell, a justice of the peace, and an examination was had and duly certified to the Hamilton Circuit Court. Prior to the filing of the complaint in this case, the relatrix filed her complaint before J. C. Stephenson, another justice of the peace, charging the appellant with being the father of the same bastard child, and the justice issued a warrant for the arrest of the appellant and delivered the same to a constable. In the former proceeding there was no arrest or service on the appellant. The relatrix was a minor at the time of the pendency of the former proceeding. After the proceeding was commenced, and a warrant issued and delivered to a constable, the relatrix, and the attorney representing the plaintiff, appeared before the justice and showed to the satisfaction of the court that suitable provision had been made and properly secured for the maintenance of the

child.   The justice made a record in said cause showing the appearance of the relatrix in person and by attorney, and that they showed to the satisfaction of the court that suitable provision had been made and properly secured for the maintenance of the child, and ordered and adjudged that suitable provision had been made and properly secured for the maintenance of the child, and that the relatrix is permitted to and does dismiss the proceeding.   After the dismissal of said proceeding, and the rendition of such judgment of dismissal by said Stephenson, justice of the peace, this proceeding was commenced before said Powell, justice. In the circuit court, in this case, the appellant answered, setting up said proceeding and judgment before said Stephenson, justice, as a bar to this proceeding.   To this answer the appellee replied, alleging in the reply that the relatrix is the mother of a bastard child of which the defendant is the father, as the complaint alleged ; that she now is, and was at the time in said answer mentioned, an infant under the age of seventeen years, unacquainted with business affairs ; that it is true that she instituted said proceeding in bastardy against the defendant before said Stephenson, a justice of the peace ; that the defendant was never arrested or served with process in said proceeding, but on the contrary, about the time of the commencement of said proceeding, he fled the country ; that on account of his absence and the failure to arrest him, the proceeding was pending before said justice two or three months ; that the said defendant and his friends connived and confederated together for the purpose of cheating and defrauding the plaintiff, the relatrix and her said child, and to prevent any recovery from the father of said child for the maintenance of the child ; that to carry out such fraudulent intent the defendant fled the country, concealed himself and remained away until after said proceeding had been terminated as hereinafter shown ; that several months after the institution of said proceeding, and while said defendant was absent and concealed

and engaged in such conspiracy aforesaid, and in the execution thereof, he fraudulently and falsely represented to the relatrix, her friends and counsellors, and said justice, that said defendant never could be found; that jurisdiction over him never could be obtained; that he never would return; that the said relatrix, therefore, would never secure anything from the father of her child for the support thereof, but that they, the friends of said defendant, would pay her one hundred dollars if she would dismiss said proceeding; that the said relatrix believing said representations to be true, and thereupon in full reliance upon all of said statements and representations, and especially upon the representation that said defendant never would return, and that jurisdiction over him never could be acquired in said proceeding, the said relatrix, for and in consideration of one hundred dollars, did, with the consent of said justice, dismiss said proceeding; that no provision whatever was made for the support of her said child, except the payment to her of said one hundred dollars; that said sum was paid to the relatrix to dismiss said proceeding, and was not paid or received for the support of the child; that said sum then was and now is wholly insufficient for the support of the child if it had been paid or received for that purpose; that immediately after the dismissal of said proceeding as aforesaid, the defendant returned to the house of his parents, as he at all times intended to do as soon as he supposed the relatrix had been deprived of the power to prosecute him.

Appellant demurred to the reply for want of facts. The court overruled the demurrer, and appellant excepted.

. The cause was submitted to the court for trial without the intervention of a jury, and the court found that the appellant was the father of the child, and rendered judgment against him for the sum of $450.

Appellant filed a motion for a new trial, which was overruled, and exceptions taken.

Appellant assigns as error the ruling of the court in over-

ruling the demurrer to the reply and the motion for a new trial.

The statute governing proceedings in bastardy provides that " If the defendant shall not have been arrested, or has escaped after arrest, such trial shall proceed in his absence; and if he be adjudged the father of such child, the justice shall transmit the papers and a transcript of such judgment, without delay, to the clerk of the circuit court of the proper county, who shall file and docket the same for trial; and such cause shall be heard and determined by such court in the same manner as if such defendant were present." Section 986, R. S. 1881.

By section 987 the filing of such transcript creates a lien on the defendant's real estate.

Section 994 reads as follows : " The prosecuting witness, if an adult, may, at any time before final·judgment, dismiss such suit, if she will first enter of record an admission that provision for the maintenance of the child has been made to her satisfaction; and if such witness be a minor, she may dismiss such suit, if it be first shown to the satisfaction of the court in which the same is pending, that suitable provision has been made and properly secured for the maintenance of the child, and a finding of the court to that effect entered of record. And such entry, in either case, shall be a bar to all other prosecutions for the same cause and purpose."

By the provisions of the statute it will be seen that the prosecution may proceed in the absence of the defendant, and that a dismissal may be made at any time. The statute will admit of no other construction except that a dismissal may be entered at any time after the proceeding is commenced. In case the prosecuting witness, the mother of the child, is an adult, the right of dismissal is committed to her, and she can dismiss the same by entering of record an admission as provided in the statute; but in case the mother of the child is a minor, the right of dismissal is committed to the court in which the proceeding is pending, and it is expressly pro-

vided that in either case such entry shall bar all other prosecutions for the same cause and purpose.

Justices of the peace have jurisdiction in bastardy proceedings, and a judgment rendered by a justice is a bar to all other prosecutions for the same purpose. *Britton* v. *State, ex rel.*, 54 Ind. 535 ; *Gipe* v. *State, ex rel.*, 40 Ind. 158 ; *Carter* v. *State, ex rel.*, 32 Ind. 404.

The proceedings and amount recovered in such actions are for the benefit of the child, and in case the mother is a minor, it is the duty of the court to investigate the terms of settlement, and it has power to approve or reject any settlement or provision made for the child if it does not deem it sufficient. *Malston* v. *State, ex rel.*, 75 Ind. 142.

The object and purpose of the statute authorizing proceedings in bastardy is to require the father of the child to support and maintain it. *Heritage* v. *Hedges,* 72 Ind. 247.

The custody of the child may be taken from the mother, and the funds applied to its support. With a view and for the purpose of preventing fraud and imposition being practiced on young and inexperienced females who become mothers of bastard children, and procuring improper settlements, whereby no suitable provision is made for the support of the illegitimate child, the duty of investigating, passing upon and approving such provision for the child is by the statute cast upon the court in case the mother is an infant.

Conceding that such settlement and judgment can be attacked and set aside in a collateral proceeding for fraud, it must at least appear that the court was misled and deceived as to the provision made for the child. If the prosecution is commenced, and sufficient provision is made for the support of the child, and approved by the court, the object of the prosecution is accomplished, and it can make no difference whether such provision be made with or without the arrest of the defendant.

The facts alleged in the reply are wholly insufficient to

avoid the judgment. It admits the adjudication by the justice ; that it was shown to his satisfaction that suitable provision had been made for the support and maintenance of the child, and that he so adjudicated and allowed a dismissal of the cause.

It is averred that the defendant fled the country and concealed himself, but it is also averred that while so concealed he made certain representations to the relatrix and to the justice that he would remain beyond the jurisdiction of the court and she could never recover anything from him for the support of her child, etc. We say it is alleged that the defendant made the representations, as it is not alleged that any other person made them in his behalf. The allegations as to a conspiracy are wholly insufficient to bind him by any representations made by any other person. An allegation of conspiracy between a person and his friends without naming the persons is of no effect. It is not averred that these representations were made by letter or through any other person, but from the averments we construe them to mean that he made them to the relatrix and the justice. It is not averred that either the relatrix or the justice were outside of the jurisdiction of the justice when such representations were made. These allegations are inconsistent. They are to the effect that he had fled and concealed himself, and at the same time was conversing with the relatrix and the justice. There is no averment that the representations made by him were untrue, nor is there any averment that the defendant had any property, or that any sum whatever could have been collected from him, or any benefit would have been derived by the arrest, or that the justice was deceived or relied on the representations of defendant.

It is admitted that the relatrix received the one hundred dollars as a consideration for the dismissal of the proceedings, and that she keeps and retains that sum.

The proceeding is a civil action, and it may well be questioned whether a judgment, even obtained by fraud, can be set

aside without refunding or offering to refund the money paid in consideration of the rendition of the judgment of dismissal. Fraudulent representations to be available must relate to an existing or past fact. The representations pleaded in the reply all related to what the defendant would do in the future, and as we have before stated, even these representations are not alleged to be in fact false, nor is it shown that the child or any person sustained any damage by reason of having relied upon the representations.

The reply is clearly insufficient, and the demurrer should have been sustained to it, and for this error the judgment must be reversed.

Judgment reversed, at costs of the relatrix.

