## State, ex rel. Creighton, *v.* Carlisle.

[No. 2,663.    Filed January 24, 1899.]

Justices of the Peace.—*Jurisdiction.*—*Bastardy.*—Justices of the peace have complete jurisdiction to hear and determine bastardy cases, and a judgment rendered by a justice of the peace is a bar to all prosecutions for the same cause.  *p. 441.*

Fraud.—*Representations.*—Fraud cannot be predicated upon a mere promise to do something in the future, although such promise be fraudulently made, and afterwards broken; fraudulent representations, to be available, must relate to a past or an existing fact. *p. 443.*

Bastardy.—*Former Adjudication.*—A reply to an answer pleading former adjudication in a bastardy proceeding alleging that fraudulent representations were made to relatrix in order to induce her to sign an entry dismissing the proceeding before the justice of the peace relied on in defendant's answer, and that relatrix was at the time a minor, is not sufficient, where a finding and entry was made by such justice of the peace, as provided by section 994, Horner's R. S. 1897, showing that suitable provision had been made and secured for the maintenance of the child, and it was not alleged that such finding was secured from the justice of the peace by fraud. *pp. 441-443.*

Same.—*Judgments.*—*Dismissal.*—A proceeding in bastardy is a civil action, and a judgment dismissing a bastardy suit, although obtained by fraud, cannot be set aside without refunding, or offering to refund, to defendant the money paid by him to secure the judgment of dismissal.  *p. 443.*

From the Pike Circuit Court.    *Affirmed.*

*Ashby & Coffey* and *W. E. Cox*, for appellant.

*E. P. Richardson* and *A. H. Taylor*, for appellee.

Henley, J.—This was an action commenced by ap-

pellant before a justice of the peace in Pike county, Indiana. The facts and the character of the pleadings can be better shown by stating the substance of the record as it is before us. On the 30th day of April, 1897, the relatrix filed her verified complaint before M. J. Brady, a justice of the peace for Washington township, in Pike county, Indiana, charging appellee with being the father of her bastard child, of which she had been delivered on the 22nd day of March of said year. A warrant was issued for appellee, and placed in the hands of a constable, who served the same and brought appellee into said court, where he gave bond in the sum of $500 for his appearance at the trial. At the time set for the trial all the parties appeared in person and by counsel. Appellee answered, showing a former adjudication of appellant's cause of action. The justice of the peace overruled a demurrer to this answer, and found for appellee. From this judgment appellant appealed to the circuit court of Pike county, where the appellee answered in one paragraph, which fully states appellee's defense to this action. The answer, omitting the formal parts, is as follows: "The said defendant, for answer to plaintiff's complaint and affidavit herein, and in bar of her complaint, says that on the 16th day of September, 1896, and before Esq. William J. Thurman, a justice of the peace for Washington township, in Pike county, in the state of Indiana, and in a court of competent jurisdiction, all the matters and things contained in plaintiff's affidavit and complaint herein were fully adjudged and determined, in a case in which the state of Indiana, on relation of Demmie Creighton, was plaintiff, and Charles Carlisle was defendant, in a complaint and affidavit for bastardy which was made by the said Demmie Creighton, and, through the

prosecuting attorney, filed before said Thurman on the 9th day of September, 1896, which said cause is by the same relatrix, and against the same defendant, and for the identical same cause of action, which said cause of action was heard, adjudged, and fully determined before said justice by and between this relatrix and this defendant, and this relatrix did then and there, of her own motion, enter and sign her receipt, and caused the same to be entered of record in open court, that this defendant, Charles Carlisle, had made provision for the maintenance of said bastard child to her satisfaction, and did then and there move the court to dismiss said cause of action; and it being shown to the satisfaction of said court that suitable provisions had been made, and properly secured, for the maintenance of said bastard child, the said proceedings were then and there dismissed. That then and there a decision was duly rendered for the dismissal of said proceedings in bastardy, a certified copy of which is filed herewith, and made a part hereof, marked 'Exhibit A.' And the defendant says that by reason of the said former adjudication the relatrix herein is estopped and barred from further prosecuting said action, and he prays judgment accordingly for costs." A demurrer for want of facts was addressed to this answer and overruled. Appellant replied in two paragraphs. The first paragraph of reply alleges that the "proceedings" mentioned in appellee's answer were procured by the fraudulent representation of the defendant; that at the time the order of the justice of the peace was made dismissing the cause, as set out in the answer, appellee promised the relatrix that he would marry her, and provide for her a home, and would furnish her with ample means for her support during her pregnancy and sickness, and would support

her child, and by such promises she was induced to "sign the entry mentioned in defendant's answer;" that appellee has wholly failed to keep and fulfil said promises; that at the time said cause was dismissed the state of Indiana was not a party to the proceedings, and the prosecuting attorney was not present, and had no knowledge of the action taken; that the relatrix at the time was an infant under the age of twenty-one years; that appellee paid the relatrix at the time of said dismissal and entry of satisfaction the sum of $20, which appellant says is wholly inadequate for the purpose intended. The second paragraph of reply contains the same averments as the first, with the additional averment "that defendant falsely represented to Wm. J. Thurman, the justice of the peace mentioned in defendant's answer, that he, the said defendant, had made ample provision for the support of said child; and solely upon the representations of said defendant, and those of one Josiah Newkirk with whom said defendant had conspired for the purpose of defeating the rights of said child, and upon the payment of the costs of said proceedings by the defendant, the justice made the entry as set forth in said proceedings." A demurrer was sustained to each paragraph of the reply. This ruling of the court is the alleged error complained of by appellant.

A proceeding in bastardy is a civil action. *Maker* v. *State, ex rel.,* 123 Ind. 378. Justices of the peace have complete jurisdiction to hear and determine such cases, and a judgment rendered by a justice is a bar to all prosecution for the same cause. *Britton* v. *State, ex rel.,* 54 Ind. 535; *Gipe* v. *State, ex rel.,* 40 Ind. 158; *Maker* v. *State, ex rel., supra.* It is provided by statute as follows: "The prosecuting witness, if an adult, may, at any time before final judgment, dismiss such suit if she will first enter of record an admission that provision

for the maintenance of the child has been made to her satisfaction; and if such witness be a minor, she may dismiss such suit, if it be first shown to the satisfaction of the court in which the same is pending, that suitable provision has been made and properly secured for the maintenance of the child, and a finding of the court to that effect entered of record. And such entry, in either case, shall be a bar to all other prosecutions for the same cause and purpose." Section 994, Horner's R. S. 1897. The record of the proceeding in bastardy which is made the source of appellee's defense, and which is filed with his answer herein, shows that the justice strictly followed the statute in making his entry of dismissal, which was in the following words:

"Sept. 16, 1896. Comes now the parties, and comes the relatrix and prosecuting witness, Demmie Creighton, and makes entry of record the following admissions, to wit: 'I, Demmie Creighton, the relatrix and prosecuting witness herein, freely and voluntarily admit of record that provisions for the maintenance of the bastard child named in my affidavit and complaint has been made by the defendant, Charles Carlisle, to my satisfaction. In witness whereof I hereunto set my hand, and move the court that this cause be dismissed. [Signed] Demmie Creighton. Test. W. J. Thurman, Justice of the Peace.' And it appearing and being shown to my satisfaction that suitable provisions has been made, and properly secured, for the maintenance of said bastard child, I do hereby so consider and adjudge. I hereby sustain said motion to dismiss, and do hereby dismiss this suit at the costs of the defendant. It is therefore considered and adjudged by me that said defendant, Charles Carlisle, pay all costs of this prosecution. September 16th, 1896. William J. Thurman, J. P. [Seal].

"Received of Charles Carlisle above judgment for costs, in full, October the 1st 1896.    W. J. Thurman, J. P."

The first paragraph of reply is clearly bad, for several reasons.    In the first place, fraudulent representations, to be available, must relate to an existing or past fact.    Fraud cannot be predicated upon mere promises to do something in the future, although such promises be fraudulently made, and afterwards broken. The law is too well settled upon this point to warrant the citation of authorities.    In the second place, these fraudulent representations or promises are alleged to have been made to the relatrix, a minor, in order to induce her to "sign up said entry mentioned in defendant's answer."    The signing of the docket entry by the relatrix, she being a minor, did not effect a settlement of the action, or release appellee in any way. Under the statute heretofore quoted, it will be seen that the finding and entry of record by the justice that suitable provision has been made and secured for the maintenance of the child was in this case the necessary finding and entry, the relatrix being a minor. And it is not alleged in said answer that such finding and entry was secured from the justice of the peace by fraud.

In the third place, this being a civil action, it is well settled that, even though the judgment may have been obtained by fraud, it cannot be set aside without refunding to appellee, or offering to refund to him, the money paid by him to the relatrix to secure the rendition of the judgment of dismissal.    The reply shows that an amount was paid relatrix, but no return or offer to return the same is shown.    Many authorities upon this question are collected in the case of *Citizens, etc., R. Co.* v. *Horton*, 18 Ind. App. 335.    Also see *Maker* v. *State, ex rel., supra.*

The second paragraph of reply is also bad. The facts do not show that any fraud was practiced upon appellant. One Newkirk is charged with being a party to the fraud, but as to what he did the reply is silent. It is not shown that the justice relied solely upon, or was deceived by, the representation of appellee. He may have and probably did base his judgment upon the statement of the relatrix, who was present, and admitted of record that provision to her satisfaction had been made for her child. In deciding this case, we do not concede that such a settlement and judgment as is set up in appellee's answer can be attacked and set aside in a collateral proceeding for fraud, as is attempted to be done by appellant's reply. Our Supreme Court, in two appeals from judgments rendered in bastardy proceedings, has passed over the question without deciding it, and we refrain from discussing it. *Maker* v. *State, ex rel., supra*; *Gresley* v. *State, ex rel.*, 123 Ind. 72; *Snelson* v. *State, ex rel.*, 16 Ind. 29. It follows from what we have said that the judgment of the lower court must be affirmed. Judgment affirmed.