## WILSON *v.* OHIO FARMERS INSURANCE COMPANY.

[No. 20,292.    Filed March 31, 1905.]

1. INSURANCE.—*Foreign Company.—Transacting Business in State.— Appointing Agent.—Authority.—*The appointment of a local agent and taking a bond from him by a foreign insurance company does not amount to the transaction of business by such company in violation of the statute prohibiting foreign companies from transacting business in the State until certain laws are complied with, since this is but preliminary to the transaction of their business of insurance.    p. 463.

2. WITNESSES.—*Incriminating Questions.—Rights.*—A witness may refuse to answer any question that tends to incriminate him, either in a civil or criminal case.    p. 463.

3. SAME.—*Privilege.—How Determined.*—Where the witness places his refusal to answer on the ground of incrimination his wish must be respected, unless it is clear that the witness is mistaken or is acting in bad faith.    p. 464.

4. SAME.—*Incrimination.—Privilege.*—Where a defendant has testified in a criminal case wherein he was prosecuted for embezzlement of the funds of an insurance company that he "was not short" and "that he owed it nothing," he can not be compelled over his claim of privilege to testify in a civil case growing out of transactions between him and such company when such civil case is tried within two years after such criminal trial, since he might be guilty of perjury in such criminal trial.    p. 465.

5. SAME.—*Attorney and Client.—Privilege.*—An attorney can not be compelled over the objection of his client to testify in reference to facts learned during the relationship of attorney and client, even though at another trial in which such client was not a party nor present such attorney had testified to such facts.    p. 465.

From Scott Circuit Court; *Burt. New,* Special Judge.

Action by Daniel Wilson against the Ohio Farmers Insurance Company. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.    *Affirmed.*

*Lewis & Swails, Thomas M. Honan* and *Shea & Wood,* for appellant.

*Elliott & Elliott* and *Seba A. Barnes,* for appellee.

GILLETT, J.—Complaint in three paragraphs by appellant against appellee to recover money paid by him to said company on account of a liability asserted by it against him as surety upon the bond of a former local agent of appellee. A demurrer was sustained to appellant's amended third paragraph of complaint. Issues of fact were framed under the remaining paragraphs, and a trial resulted in a verdict and judgment for appellee.

1.  It appears from the amended third paragraph of complaint that at the time of the execution of said bond appellee, a foreign insurance company, had not complied with section one of the act of March 3, 1877 (§3765 R. S. 1881), concerning foreign insurance companies, in that it had not obtained a certificate of authority from the Auditor of State, and had not filed the local certificate provided for by said act in the county wherein, according to the bond, appellant's principal was to act as local agent. The underlying theory of this paragraph seems to be that, until appellee had complied with said section, it could do no business whatever. Without considering other objections, which have been urged to the paragraph, it is enough to dispose of said paragraph as insufficient to hold, as we do, that the appointing of an agent, or the taking of a bond from him, does not amount to the transaction of any business of insurance within the contemplation of said act. *Morgan & Co.* v. *White* (1884), 101 Ind. 413. It does not appear that the parties had it within their contemplation that the company or its agent should violate the insurance laws of Indiana. For aught that is alleged, it may be assumed that the execution of the bond was simply a step taken in advance of a compliance with the requirements of the statute.

2.  While upon his case in chief, appellant called the principal on said bond to the stand, and sought to obtain

testimony from him as to whether he was in arrears in his accounts with the company during the time that appellant was upon his bond. The witness refused to answer, for the assigned reason that his- answer would tend to criminate him. The court refused to direct him to answer, and the ruling is assigned as a reason for a new trial. Preliminary to a discussion of the legal question presented, it is proper to say that it appeared during the course of the examination of the witness that on September 6, 1901, he had been tried upon, and acquitted of, the charge of embezzling moneys of appellee while acting as its agent. It is admitted by appellee's counsel that said witness testified in the criminal trial that he "was not short in his accounts, or indebted to said company; that he owed it nothing." This cause was tried on the 20th day of January, 1903. The right of a witness to refuse to make disclosure of any fact which would tend to criminate him is the same in a civil as in a criminal case. *Wilkins* v. *Malone* (1860), 14 Ind. 153; *French* v. *Venneman* (1860), 14 Ind. 282.

3. If a witness places his refusal to answer on this ground, his claim of privilege must be respected, unless it be clear, from his whole examination, that he is mistaken in the supposition that his answer would tend in any degree to criminate him, or else that his refusal is purely contumacious. 1 Burr's Trial (1808), 244; *Chamberlain* v. *Willson* (1840), 12 Vt. 491, 36 Am. Dec. 356; note to *Fries* v. *Brugler* (1830), 21 Am. Dec. 52; *People* v. *Forbes* (1894), 143 N. Y. 219, 38 N. E. 303; 2 Elliott, Evidence, §1008. In most cases the witness, who knows what his answer would have to be, and who presumably has a knowledge of the surrounding facts, can judge better of the effect of his answer than can the judge, and therefore the force of circumstances ordinarily requires that it should be the witness's judgment, rather than that of the judge, which should be accepted upon the question as to the tendency of the answer. It was said by Chief Justice Marshall in Burr's Trial, *supra:* "If the

question be of such a description, that an answer to it may or may not criminate the witness, according to the purport of that answer, it must rest with himself, who alone can tell what it would be, to answer the question or not. If, in such a case, he say, upon his oath, that his answer would criminate himself, the court can demand no other testimony of the fact."

4. Assuming, as we may do, that the witness was no longer in peril of a prosecution for embezzlement, it does not follow that his answer might not have had a tendency to criminate him. An admission, for instance, that he had converted moneys which came into his hands as agent of appellant during the time in question would furnish an important item of evidence under an indictment assigning perjury upon the testimony that he gave upon his trial for embezzlement, and it is to be observed that the statute of limitations had not fully run against such a prosecution at the time of the trial of this case. It is true that when the court below refused to order the witness to answer notwithstanding his claim of privilege it did not appear that he had testified in the criminal prosecution, but we only make use of the facts which are now admitted by appellant as illustrative of the proposition that upon the state of the witness's examination at that time it could not be said that the privilege was improperly claimed.

5: Appellant called one of the attorneys of appellee to the stand, and sought to prove by him the state of the account between appellee and said agent at the time in question. The witness refused to answer, on the ground that the question called for the disclosure of a confidential communication from client to attorney. Appellee also objected to the introduction of the evidence for the same reason, and the court sustained the objection. The propriety of this ruling is discussed in connection with the sustaining of an objection to a question, which appellant also asked said witness

on his direct examination, as to whether he had not testified in the embezzlement case that said agent did not owe the company anything. We can not determine from the record whether said attorney voluntarily took the stand in said former trial, or was called by the State. There is an acrid controversy over that subject in the briefs of counsel. In the view we take, however, that matter is immaterial. It is not claimed that appellee had anything to do with said prosecution, or that it had ever waived its privilege. If the witness had learned any fact which was protected by the cloak of professional confidence, the right to have its confidence held inviolate belonged to appellee, and the fact that the attorney might have seen fit to answer as to such matter at one time afforded no reason why he should have made a second disclosure. No claim is made for the competency of said second question except to show that the privilege was waived. In this, counsel for appellant are in error. Whether it would have been proper to examine the witness as to his previous testimony as a part of the means of ascertaining whether his claim that the communication was privileged was well founded we need not determine, there having been no further examination along that line, and the point not having been made in appellant's brief.

We find no error. Judgment affirmed.

Montgomery, J., did not participate.