## Gooding *v.* State, ex rel. McGill.

[No. 5,641. Filed June 21, 1906. Rehearing denied October 3, 1906. Transfer denied November 1, 1906.]

1. BASTARDY.—*Character of Action.*—A prosecution for bastardy is a civil action. p. 46.

2. SAME. — *Jurisdiction of.* — *Parties.*—*Beneficiaries.*—Bastardy actions must be commenced before a justice of the peace or mayor of a city, in the name of the State, and for the benefit of the child. p. 47.

3. JUDGMENT.—*Res Judicata.*—*Bastardy.*—Under §1066 Burns 1901, §994 R. S. 1881, relatrix, if an adult, has the right to dismiss an action for bastardy by entering of record an admission that maintenance for the child has been provided to her satisfaction; and the judgment of dismissal under such circumstances bars another action. p. 47.

4. SAME. — *Res Judicata.*—*Bastardy.*—*Fraudulent Procurement of Prosecution.*—To an answer of former adjudication in a bastardy prosecution, a reply that such adjudication was secured by defendant's fraudulent procurement of the bringing of such action; that the State was not represented nor given an opportunity to be represented and that the relatrix was induced through the fraudulent representations of defendant to execute the order that provision for the child had been made, is sufficient. p. 47.

5. SAME.—*Res Judicata.*—*Parties.*—A judgment without adversary parties cannot be *res judicata.* p. 48.

6. BASTARDY.—*Parties.*—Relatrix in a bastardy action is not a party thereto. p. 48.

7. JUDGMENT.—*Validity.*—*Bastardy.*—Where the State is not a real party to a bastardy action, any judgment rendered therein is void. p. 49.

8. SAME.—*Bastardy.*—*Money Received in Settlement.*—*Return of.*—Where money was paid in settlement of a fraudulently procured, void judgment in bastardy, it is not necessary for relatrix to return such money before the institution of another action for the same cause. *State, ex rel.,* v. *Carlisle,* 21 Ind. App. 438, distinguished. p. 49.

9. EVIDENCE.—*Failure to Notify Prosecuting Attorney.—Bastardy.*—Evidence of a failure to notify the prosecuting attorney of the pendency of a former action for bastardy is competent in a subsequent prosecution on the question whether the State was a real party to such former action. p. 50.

10. SAME.—*Marriage Engagement.—Bastardy.*—Evidence tending to show that defendant and relatrix were engaged to be married is admissible in rebuttal in an action for bastardy, where the reply to an answer of former adjudication showed that defendant absolutely controlled relatrix in the disposition of such former action. p. 50.

11. TRIAL.—*Instructions.—Bastardy.—Res Judicata.*—It is not error to refuse to give an instruction that if a former adjudication of the bastardy cause was had, the defendant should have a verdict, where a reply, sustained by some evidence, showed that such adjudication was a nullity. p. 50.

12. BASTARDY.—*Settlement.—Consideration.—Return of.*—Where defendant paid relatrix $50 for expenses of sickness and procured an action for bastardy to be brought against himself, no notice thereof being given to the prosecuting attorney, and relatrix entered an order of satisfaction therein, relatrix is not required to return such $50 before instituting another action for bastardy. p. 51.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by the State of Indiana, on the relation of Estella McGill, against Charles W. Gooding. From a judgment for plaintiff, defendant appeals. *Affirmed*.

*Clodfelter & Fine*, for appellant.

*O. B. Ratcliff*, Prosecuting Attorney, and *O. P. Lewis*, for appellee.

MYERS, J.—This is an action begun by appellee against appellant before a justice of the peace, charging appellant with being the father of the relatrix's unborn bastard child.

The complaint is in the usual form filed in such actions. On a hearing before the justice, appellant was held to appear in the Fountain Circuit Court, where was filed a transcript of the proceedings before said justice.

Appellant answered in three paragraphs. The first paragraph being a general denial. The second and third para-

graphs of answer show proceedings had before Edward M. Brewer, a justice of the peace of Union township, Montgomery county, Indiana, constituting a former adjudication and settlement of the present cause of action. To these latter two paragraphs of answer appellee replied in three paragraphs; the first two filed in the Fountain Circuit Court, and the third in the Montgomery Circuit Court, where the cause was sent on change of venue. The first paragraph of reply is a general denial, the second and third is addressed to the second and third paragraphs of answer separately and severally.

The second paragraph of reply, after averring facts covered by the complaint, avers that relatrix and a younger sister are the only living members of her immediate family; that relatrix is an orphan, and at the time her condition became known resided at the home of Jasper N. Philpott; that by reason of her condition she was driven from her then home, from whence she went to the home of an aunt in the city of Crawfordsville, where she was living at the time the proceedings were had before Justice Brewer; that appellant, as a member of a fraternal order, and relatrix, a member of an auxiliary society of that order, were frequently in each other's company, and under pretense of love and affection for relatrix, and by virtue of his promise of marriage, and by reason of his standing in the community and said order, he had complete control of relatrix's love and confidence; that he made three trips to see relatrix while she resided with her aunt, telling her on the last trip that on account of the publicity of her condition he would not marry her, but would pay her $50 for the purpose of paying her expenses of lying-in, doctor bills, and the like, incident to the birth of the child; that without the knowledge and consent of the relatrix he employed an attorney to prepare a complaint, charging him with bastardy, and, on the day the proceedings set out in appellant's answer were entered and had before Justice Brewer, he informed

relatrix that unless she would go before a justice of the peace and sign a receipt he would not do anything for her whatever; "that relatrix was completely crushed in mind, body, and spirit by defendant's declaration, and the realization of her condition," and being without a home and wholly destitute of means of support she accompanied appellant to said justice's office, where said proceedings were had, and without anything being said, or any pretense relative to her accepting any money for the maintenance of the child, but believing and relying upon the fraudulent representations of appellant, by him made to her, of the purpose and purport of the instrument she was signing, relatrix signed a receipt for $50, which was fraudulently represented to her as being a release of his liability to her on account of her sickness, and she did not know that she was signing anything purporting to be a settlement to her satisfaction for the maintenance of said unborn child; that the prosecuting attorney was not present nor sent for, nor any other person to act for or to advise her, nor did she understandingly enter of record any order, receipt, paper, or any other declaration showing that satisfaction had been made to her for the maintenance of said child; that said proceedings before Justice Brewer were set in motion and carried on by appellant, for the fraudulent purpose of obtaining the settlement of his liability in bastardy, under the fraudulent pretense of paying the expenses of her pending sickness; that said justice had no knowledge of the real purpose for which said receipt was signed, and entered said judgment of dismissal upon the filing of the papers, theretofore prepared by appellant's attorney; that after she signed the receipt for $50 that sum was paid to said justice, and by him to relatrix, and no hearing of said cause was had; that she received no other consideration, and said sum is wholly insufficient for the maintenance of said child. The reply further shows an offer to allow a credit of $50 against any judgment which may be rendered

against appellant in this action; that relatrix is without any money or means with which to repay said $50 or any part thereof.

A demurrer for want of facts was addressed to this paragraph of reply and overruled. Thereupon the venue of this cause was changed to the Montgomery Circuit Court, where a third paragraph of reply was filed. This paragraph avers practically the same facts as those stated in the second paragraph, with the additional averment that said justice of the peace Brewer knew at the time he paid relatrix said $50 that she did not understand the nature of the papers and records which she had signed; that he knew that defendant was not paying relatrix any money whatever for the maintenance of said unborn child; that he conspired with the defendant for the purpose of deceiving relatrix and in procuring her to enter said satisfaction of record, knowing that the proceedings before him were for the purpose of obtaining settlement of defendant's liability in bastardy, under the fraudulent proceedings and pretext to pay relatrix for her sickness.

A demurrer to this paragraph of reply, for want of facts sufficient to avoid either the second or third paragraphs of answer, was overruled. The issues thus formed were submitted to a jury, trial, verdict in favor of appellee and motion for a new trial overruled. Judgment in accordance with the verdict of the jury for $550, with a credit of $50, and ordering the same paid in partial payments, from which judgment appellant appeals to this court.

(1) This is a civil action. *Reynolds v. State, ex rel.* (1888), 115 Ind. 421; *State, ex rel., v. Carlisle* (1899), 21 Ind. App. 438. Conceding that the answers incorporating the proceedings had before Justice Brewer in bar of this action are sufficient brings us to the consideration of the facts pleaded in the second and third paragraphs of the reply.

It is settled that all prosecutions for bastardy must originate before a justice of the peace or mayor of a city. *Evans* v. *State, ex rel.* (1905), 165 Ind. 369; *Armstrong* v. *State, ex rel.* (1900), 24 Ind. App. 289.

2. And such proceedings must be prosecuted in the name of the State, and for the benefit of the illegitimate child. *Gresly* v. *State, ex rel.* (1890), 123 Ind. 72; *Ice* v. *State, ex rel.* (1890), 123 Ind. 590; *Dehler* v. *State, ex rel.* (1899), 22 Ind. App. 383.

Our code (§1006 Burns 1901, §994 R. S. 1881) provides that "the prosecuting witness, if an adult, may, at any time before final judgment, dismiss such suit, if she will first enter of record an admission that provision for the maintenance of the child has been made to her satisfaction. * * * And such entry * * * shall be a bar to all other prosecutions for the same cause and purpose." Considering the above decisions along with the code provision, it would seem that while the State is a party to the action, and has rights which the relatrix cannot waive, yet she has the power to dismiss such action, and such dismissal and judgment thereon rendered by a justice of the peace, pursuant to §1006, *supra,* will constitute a complete bar to another action for the same cause. *State, ex rel.,* v. *Carlisle, supra.*

3. In the case at bar appellant argues that Justice Brewer had jurisdiction of the subject-matter, and, the proceedings and judgment appearing regular on their face, such judgment must control until set aside by a direct attack, even though it be tainted with fraud. *Shideler* v. *State* (1891), 129 Ind. 523, 525, 16 L. R. A. 225, 28 Am. St. 206; *Palmerton* v. *Hoop* (1892), 131 Ind. 23, 28.

4. Appellee claims that each paragraph of the reply shows that relatrix was induced by fraud to enter the acknowledgment and dismissal set up in appellant's answers, and for that reason, and because the State was not in fact a party

to the proceedings before Justice Brewer, the judgment was a nullity. *Gresly* v. *State, ex rel., supra; Ice* v. *State, ex rel., supra; Burnett* v. *Milnes* (1897), 148 Ind. 230, 234; *Oster* v. *Broe* (1903), 161 Ind. 113.

Each paragraph of the reply exhibits facts showing that the proceedings had before Justice Brewer were procured, managed, and controlled by appellant; that the State was a party only in name and not in fact. No one was present having authority to act for the State. In the name of the State, appellant brings an action against himself to secure maintenance for his own offspring. He appears to the action and submits himself to the jurisdiction of the court. He has the mother of the child accompany him into open court, and there, under the sanctity of a judicial proceeding, and for the purpose of relieving the public and society of the burden of maintaining such child, he pays to the penniless, homeless mother, who has just arrived at her majority, the munificent sum of $50, and she enters of record an admission that provision for the maintenance of the child has been made to her satisfaction.

Considering the facts disclosed by the reply, the State was not a party to the proceedings before Justice Brewer, and, this being true, the judgment was not rendered in an adversary proceeding, and for that reason will not bar another action for the same cause. *Shideler* v. *State, supra; Ice* v. *State, ex rel., supra,* p. 593.

The section of the code heretofore referred to does not refer to the relatrix as a party, but by its terms she is designated as the prosecuting witness, and the Supreme Court in *Ex parte Haase* (1875), 50 Ind. 149, and this Court in *Williams* v. *State, ex rel.* (1892), 3 Ind. App. 350, held that the relatrix was not a party to the action. Therefore, granting that she had full authority to determine the question of satisfactory provision for the child's maintenance, this she could do only in case

there was a *bona fide* action pending, and having determined that there was no such action pending before Justice Brewer, her acknowledgment is unavailing for any purpose, as the entire proceedings were void. We are clearly of the opinion that the weight of authority in this jurisdiction sustains the ruling of the trial court in holding that each paragraph of the reply contains facts sufficient to avoid appellant's answers.

(2) Appellant also insists that the paragraphs of reply are bad for the reason that neither contains an allegation that the money paid to relatrix was ever refunded, or that an offer to refund the same was made before the commencement of this action. Citing *State, ex rel.,* v. *Carlisle, supra.* By reference to that case it will be seen that the relatrix, upon her own motion, began the action whereby, upon dismissal, she received $20. All the parties to that action appeared in person and by counsel, and this court held that a judgment rendered before a justice of the peace, under the facts appearing, was sufficient to bar another action for the same cause. Also that, before such judgment could be set aside, the pleadings must affirmatively show a refunding or offer to refund the money paid to the relatrix. There is a marked difference between that case and the case at bar. In the case of *State, ex rel.,* v. *Carlisle, supra,* the money was paid and the dismissal had in an adversary proceeding, and was not a voluntary payment on the part of the defendant, while in the case at bar, the proceedings being absolutely void, for the reasons heretofore stated, the payment was a voluntary contribution, or at least so far as it was paid on account of any judicial proceeding.

(3) The questions arising on the assignment of errors, based upon the overruling of appellant's motion for a new trial, relate to the admission of certain evidence and to the giving and refusing to give to the jury certain instructions.

After a careful reading and consideration of the evidence admitted over appellant's objection, we find no error in this particular authorizing a reversal of the judgment.

9. It is the duty of the prosecuting attorney to represent the State in such actions, and, upon the theory of the replies filed, any evidence tending to show that the State's representative was not notified, and had no knowledge of such proceeding until long after its disposition, was competent as tending to prove the ultimate fact that the State was not a party.

The evidence tending to prove that relatrix and defendant were engaged to be married was admissible, unless because it was offered on rebuttal. *Ramey* v. *State,*

10. *ex rel.* (1891), 127 Ind. 243; *Gemmill* v. *State, ex rel.* (1896), 16 Ind. App. 154.

Referring to the reply, we find allegations showing that relatrix was under the absolute control of appellant on the day she accompanied him to the office of Justice Brewer, and while he told her on that day he would not marry her, evidence of such agreement was nevertheless admissible on rebuttal as tending to show the relations existing between them, and as a circumstance to explain the actions of a young, penniless, homeless, inexperienced, and heart-broken girl, wishing to curry favor with the author of her downfall. We are not to say what weight should be given this evidence, but the jury had a right to consider it for whatever it was worth.

Appellant requested the court to give the jury two instructions. Both were refused. These instructions are to the effect that if the jury should find that the pro-

11. ceedings had before Justice Brewer were as alleged in appellant's answers, under the evidence in this case they should return a verdict for appellant. These instructions took from the jury their right to consider the evidence applicable to the reply, and were based upon the theory that there was no evidence in the record tending

to prove that the Brewer judgment was a nullity. There was no error in refusing to give these instructions.

The court, upon its own motion, in substance told the jury that if they found that the action and proceedings had before Justice Brewer were procured and brought about wholly by appellant, and that the money paid to relatrix was paid by appellant and received by her in payment and on account of expenses of her pending sickness, it would not be necessary to return or offer to return this money prior to bringing this action in order to authorize a recovery. There is evidence in the record to which this instruction is pertinent, and, this being true, what we have heretofore said on the question raised by this instruction warrants the conclusion that it was not erroneous.

Finding no error in the record the judgment of the trial court is affirmed.