## HOLLOWELL ET AL. *v.* SMITH AGRICULTURAL CHEMICAL COMPANY.

[No. 6,233. Filed February 28, 1908.]

1. CORPORATIONS.—*Foreign.—Agents.—Right to Do Business.—Jurisdiction.—Contracts.*—Section 3453 Burns 1901, §3022 R. S. 1881, providing that every agent, of a foreign corporation, in this State shall file with the clerk of the circuit court, a certificate of authority, and §4099 Burns 1908, §3023 R. S. 1881, providing that, as a condition precedent to the right to do business, such agent shall file a certificate authorizing the company to be sued upon any claim arising out of the transactions of such agent, do not apply to transactions between the company and such agent, nor to the acts of a nonresident manager who enters this State for the purpose of appointing agents. p. 362.

2. SALES.—*Implied Warranty of Fitness.—Contracts.*—A contract by which an agent agrees to take any of his principal's unsold fertilizer, on hand at a certain date, at a certain price, cannot be enforced, where the fertilizer, when delivered to the agent, was unsalable and unfit for the purposes intended. p. 363.

3. SAME.—*Conditional.—Demand.—Contracts.*—A contract providing that the agent will purchase his principal's unsold fertilizer at an agreed price, if the principal so requests, is not enforceable until a request is made. p. 363.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Action by the Smith Agricultural Chemical Company against George W. Hollowell and another. From a judgment for plaintiff, defendants appeal. *Reversed.*

*Perry McCart,* for appellants.

ROBY, C. J.—Action by appellee to recover upon a written contract averred to have been entered into with appellants. By such contract, which was made in Orange county, appellee appointed appellants as its agents for the sale of fertilizer in said county, compensation to be made by a commission on the goods sold. A copy of the contract is made an exhibit. It is also averred that the appellee was a corporation duly organized under the laws of the state of Ohio. To this pleading appellants filed a verified answer in abatement, setting up a total failure of appellee to comply with the provisions of the statute requiring agents of foreign corporations to file evidence of authority and the consent of such corporation to be sued in the courts of this State in regard to transactions had therein. §3453 Burns 1901, §3022 R. S. 1881; §4099 Burns 1908, §3023 R. S. 1881.

The court sustained a demurrer for want of facts to this answer, to which ruling appellants excepted, and upon which they have assigned error. The provisions of the statute are applicable to persons who propose to engage in business in this State as agents for foreign corporations, but not to transactions by an agent in the conduct of the business of the corporation which has no permanency in this State. Such statutes do not apply to a nonresident

manager or agent who comes to this State for the purpose of appointing agents. *D. S. Morgan & Co.* v. *White* (1885), 101 Ind. 413; *Wilson* v. *Ohio Farmers Ins. Co.* (1905), 164 Ind. 462.

The assignment that the court erred in overruling appellants' motion for a new trial presents the question as to the sufficiency of the evidence to sustain the finding. The 2. commission contract between the parties is a somewhat extended instrument. The appellants have fully discharged their engagements thereunder, and the only claim made against them is based upon the following written undertaking, signed by appellants, which was made on the same day that the agency contract was made:

"Should any fertilizer that I shall order of you remain unsold on December 1, 1902, I agree to purchase same and pay you therefor at above-named prices, December 1, 1903, if you so request."

The evidence is uncontradicted that the unsold fertilizer which the terms of said agreement might cover was delivered to appellants in an unsalable condition. The contract cannot be made to apply to goods not reasonably fit for the purpose for which they were intended. *Glucose Sugar, etc., Co.* v. *Climax Coffee, etc., Co.* (1907), 40 Ind. App. 182; *Oil-Well Supply Co.* v. *Watson* (1907), 168 Ind. 603.

The evidence is also insufficient in that it does not show a request by appellee, made before suit was brought, 3. that appellants purchase the unsold fertilizer ordered by them.

The judgment is reversed, and the cause remanded, with instructions to sustain appellants' motion for a new trial and for further proceedings.