O'TOOLE *v.* STATE OF INDIANA, EX REL. SMITH.

[No. 10,853. Filed June 9, 1921.]

1. APPEAL.—*Waiver of Error.—Grounds for New Trial.—Briefs.*—Specifications of error set out in a motion for new trial to which appellant addresses no proposition or point in his brief are waived. p. 75.

2. WITNESSES.—*Bastardy Proceedings.—Compelling Defendant to Testify.*—Defendant in a bastardy proceeding may be required to submit himself as a witness at the request of relatrix and compelled to testify, but cannot be required to testify as to any fact which would tend to incriminate him. pp. 75, 76.

3. BASTARDY.—*Character of Proceedings.*—A bastardy proceeding is a civil action. p. 76.

4. APPEAL.—*Presenting Questions for Review.—Overruling Objection.—Necessity of Reserving Exception.*—No question is presented for review on appeal as to the ruling of the trial

court requiring defendant, over his objection, to submit himself as a witness in the cause at the request of the relatrix, where no exception was reserved to such ruling.  p. 76.

5.  APPEAL.—*Briefs.*—*Request for Oral Argument.*—A request for oral argument should be made by petition separate and apart from any brief in the cause.  p. 77.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by the State of Indiana, on the relation of Lela Smith, against Thomas J. O'Toole.  From a judgment for relator, the defendant appeals.  *Affirmed.*

*Jump & Marshall* and *Jenkines & Jenkines,* for appellant.

*D. L. Bock, Bell, Kirkpatrick & McClure,* for appellee.

BATMAN, J.—This is a bastardy proceeding in which judgment was rendered against appellant for $500. The only error presented for our determination 1. relates to the action of the court in overruling appellant's motion for a new trial.  This motion is based on fourteen reasons, but the only one on which appellant has stated any proposition or point in his brief relates to the action of the court in requiring appellant to take the witness stand at the request of appellee, and be sworn as a witness.  All other reasons are therefore waived.

The bill of exceptions containing the evidence discloses that during the progress of the trial appellee's counsel requested appellant to take the witness 2. stand.  Following the request appellant said, "I am the defendant and they can't put me on the stand."  The court answered, "Mr. O'Toole, you are a witness in the case and I don't want to have to do anything, but if you decline to testify there is a remedy.  I do not want to order you to jail."  Appellant then asked, "I want to know if they have a right to force me

on the witness stand if I am the defendant in this case?" The court answered, "Yes, they have the right." Thereupon appellant took the witness stand, and answered a number of questions propounded by appellee's counsel *without further objections.* Appellant bases his contention, that the court erred in requiring him to submit himself as a witness, on the assumption that this is a criminal action. This is an erroneous assumption, as it has been decided many times in this state that a bastardy proceeding is a civil action. *State* v. *Evans* (1862), 19 Ind. 92; *State* v. *Brown* (1873), 44 Ind. 329; *Abshire* v. *State* (1875), 52 Ind. 99; *Galvin* v. *State* (1877), 56 Ind. 51; *Saint* v. *State* (1879), 68 Ind. 128; *Maloney* v. *Newton* (1882), 85 Ind. 565, 44 Am. Rep. 46; *Powell* v. *State* (1884), 96 Ind. 108; *Reynolds* v. *State* (1888), 115 Ind. 421, 17 N. E. 909; *Maker* v. *State* (1890), 123 Ind. 378, 24 N. E. 128; *State* v. *Carlisle* (1899), 21 Ind. App. 438, 52 N. E. 711; *Gooding* v. *State* (1906), 39 Ind. App. 42, 78 N. E. 257. Appellant evidently anticipated that the court might so hold, and cites the case of *Wilson* v. *Ohio Farmers Ins. Co.* (1905), 164 Ind. 462, 73 N. E. 892, to the effect that the right of a witness to refuse to make a disclosure of any fact, which would tend to incriminate him, is the same in a civil as a criminal action. This fact, however, does not aid appellant, since he was not required to answer any question over his objection, which he claimed would incriminate him. We hold that appellant was not harmed by the mere fact that he was required to submit himself as a witness in the cause at the request of appellee.

Moreover it does not appear that appellant reserved any exception to the action of the court in requiring him to take the witness stand. Construing what was said by appellant and the court, just prior to the time the former submitted himself as a witness,

most favorable to appellant, it certainly constituted no more than an objection by appellant to taking the stand as a witness, and the overruling of such objection by the court. This is not sufficient to present any question on appeal, as in addition thereto, an exception must be reserved. *Fletcher* v. *Waring* (1894), 137 Ind. 159, 36 N. E. 896; *State* v. *Friedley* (1898), 151 Ind. 404, 51 N. E. 473; *Butler* v. *Thornburgh* (1895), 141 Ind. 152, 40 N. E. 514. A mere objection, or a protest, however earnestly made, will not suffice. *Robinson* v. *State* (1899), 152 Ind. 304, 53 N. E. 223. There was no error in overruling appellant's motion for a new trial.

The title page of appellant's brief contains the following: "Appellant's petition for oral argument," but a careful examination fails to disclose any such petition. This statement is therefore disregarded with the suggestion, that the practice of including a request for an oral argument in a brief is not approved. Such request should be made by petition separate and apart from any brief in the cause.

Judgment affirmed.